# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BRANDON ELLIS, JEREMY ARTIS,**
**and VASSHAWN ROBINSON,**

     Plaintiffs,

vs.                                                             **No. CIV. 17-01011 SMV/GBW**

**HOBBS POLICE DEPARTMENT,**
**SERGEANT JASON HERRERA,**
**LIEUTENANT CHAD WRIGHT,**
**LIEUTENANT SHANE BLEVINS,**
**OFFICER JEREMY KIRK,**
**OFFICER MATTHEW BURLESON,**
**OFFICER JIMMY GRIMES,**
**CHIEF OF POLICE CHRISTOPHER MCCALL,**
**and CITY MANAGER J.J. MURPHY,**

     Defendants.

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATIONS OF THE WHISTLEBLOWER PROTECTION ACT, AND FOR VIOLATIONS OF THE FOURTEENTH AND FIRST AMENDMENTS OF THE UNITED STATES CONSTITUTION

     Defendants, Hobbs Police Department, Sergeant Jason Herrera, Lieutenant Chad Wright,

Lieutenant Shane Blevins, Officer Jeremy Kirk, Officer Matthew Burleson, Officer Jimmy Grimes,

Chief of Police Christopher McCall, and City Manager J.J. Murphy (*hereinafter* referred to as

"Defendants"), through their attorneys Robles, Rael & Anaya, P.C. (Luis Robles), state the

following for their Answer to Plaintiffs' Complaint for Violation of the Whistleblower Protection

Act, and for Violations of the Fourteenth and First Amendments of the United States Constitution

("Complaint"):

## INTRODUCTORY PARAGRAPH

With regard to the allegations made in the introductory paragraph on pages 1-2 of Plaintiffs' Complaint, Defendants do not know if Plaintiffs Brandon Ellis, Vasshawn Robinson, and Jeremy Artis (collectively referred to as "Plaintiffs") brought their Complaint for damages under NMSA 1978, § 10-16C-1 through Section 10-16C-6 of the Whistleblower Protection Act and 42 U.S.C. §1983 and §1981 []."   Moreover, Defendants deny the following allegations made in the introductory paragraph on pages 1-2 of Plaintiffs' Complaint that Plaintiffs:

> [that plaintiffs were subjected to] race discrimination in violation of due process clause and equal protection clause of the United States Constitution; and, resulting from the retaliation against them for engaging in protected activities, associating with one another, and the National Association for the Advancement of Colored People (NAACP), and engaging in speech while employed by the Hobbs Police Department (hereinafter referred to as "HPD") as police officers voicing publicly concern for the safety, wellbeing, and constitutional rights of African Americans and people of color living in the City of Hobbs.

Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in the introductory paragraph on pages 1-2 of Plaintiffs' Complaint and, therefore, deny them.

## JURISDICTION AND VENUE

With regard to the allegations made in the Jurisdiction and Venue paragraph on page 2 of Plaintiffs' Complaint, Defendants do not know if Plaintiffs brought their Complaint for damages pursuant to 42 U.S.C. §1983 and Section 1981 for damages.   However, Defendant admit that the allegations giving rise to Plaintiffs' claims took place within the District of New Mexico. Additionally, Defendants deny that Plaintiffs suffered "damages resulting from the Deprivation of Civil Rights inflicted upon them by Defendants."   To the extent that the allegations made in the Jurisdiction and Venue paragraph on page 2 of Plaintiffs' Complaint regarding subject matter

jurisdiction, personal jurisdiction and venue set forth legal conclusions, those legal conclusions do not require a response. To the extent the allegations regarding subject matter jurisdiction, personal jurisdiction and venue made in the Jurisdiction and Venue paragraph on page 2 of Plaintiffs' Complaint assert facts, they are admitted. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in the Jurisdiction and Venue paragraph on page 2 of Plaintiffs' Complaint and, therefore, deny them.

## PARTIES

1. With regard to the allegations made in paragraph 1 of Plaintiffs' Complaint, Defendants admit that Plaintiff Brandon Ellis was an officer employed by the Hobbs Police Department ("HPD") in the City of Hobbs, New Mexico. However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 1 of Plaintiffs' Complaint and, therefore, deny them.

2. Defendants admit the allegations made in paragraph 2 of Plaintiffs' Complaint.

3. With regard to the allegations made in paragraph 3 of Plaintiffs' Complaint, Defendants admit that Plaintiff Vasshawn Robinson was employed by HPD in the City of Hobbs, New Mexico. However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 3 of Plaintiffs' Complaint and, therefore, deny the same.

4. Defendants deny the allegations made in paragraph 4 of Plaintiffs' Complaint.

5. With regard to the allegations made in paragraph 5 of Plaintiffs' Complaint, Defendants admit that Chief of Police Christopher McCall is employed by HPD. However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the

remaining allegations made in paragraph 5 of Plaintiffs' Complaint and, therefore, deny the same.

6.      With regard to the allegations made in paragraph 6 of Plaintiffs' Complaint, Defendants admit that former City Manager J.J. Murphy is an employee of the City of Hobbs. However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 6 of Plaintiffs' Complaint and, therefore, deny the same.

7.      With regard to the allegations made in paragraph 7 of Plaintiffs' Complaint, Defendants admit that Sergeant Jason Herrera is an employee of HPD.   However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 7 of Plaintiffs' Complaint and, therefore, deny the same.

8.       With regard to the allegations made in paragraph 8 of Plaintiffs' Complaint, Defendants admit that Lieutenant Chad Wright is an employee of HPD.  However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 8 of Plaintiffs' Complaint and, therefore, deny the same.

9.      With regard to the allegations made in paragraph 9 of Plaintiffs' Complaint, Defendants admit that Lieutenant Shane Blevins is an employee of HPD.  However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 9 of Plaintiffs' Complaint and, therefore, deny the same.

10.      With regard to the allegations made in paragraph 10 of Plaintiffs' Complaint, Defendants admit that Officer Jeremy Kirk is an employee of HPD.  However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 10 of Plaintiffs' Complaint and, therefore, deny the same.

11.     With regard to the allegations made in paragraph 11 of Plaintiffs' Complaint, Defendants admit that Officer Matthew Burleson is an employee of HPD.  However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 11 of Plaintiffs' Complaint and, therefore, deny the same.

12.     With regard to the allegations made in paragraph 12 of Plaintiffs' Complaint, Defendants admit that Officer Jimmy Grimes is an employee of HPD.  However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 12 of Plaintiffs' Complaint and, therefore, deny the same.

## FACTUAL BACKGROUND

13.     Defendants deny the allegations made in paragraph 13 of Plaintiffs' Complaint.

14.     Defendants deny the allegations made in paragraph 14 of Plaintiffs' Complaint.

15.     Defendants deny the allegations made in paragraph 15 of Plaintiffs' Complaint.

16.     Defendants deny the allegations made in paragraph 16 of Plaintiffs' Complaint.

17.     With regard to the allegations made in paragraph 17 of Plaintiffs' Complaint, Defendants admit that all Plaintiffs are employed at the Lea County Sheriff's Department However, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 12 of Plaintiffs' Complaint and, therefore, deny the same.

18.     Defendants deny the allegations made in paragraph 18 of Plaintiffs' Complaint.

**I.     Brandon Ellis**

19.     Defendants deny the allegations made in paragraph 19 of Plaintiffs' Complaint.

20.     Defendants deny the allegations made in paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny the allegations made in paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations made in paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny the allegations made in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations made in paragraph 18 of Plaintiffs' Complaint.

25.     Defendants deny the allegations made in paragraph 25 of Plaintiffs' Complaint.

26.     With regard to the allegations made in paragraph 26 of Plaintiffs' Complaint, Defendants admit that Plaintiff Ellis reported to Sergeant Miller that the fellow officer identified in this paragraph made a statement that was the same or substantially similar to the one quoted therein. Defendants deny the remaining allegations made in paragraph 26 of Plaintiffs' Complaint.

27.     With regard to the allegations made in paragraph 27 of Plaintiffs' Complaint, Defendants admit that Plaintiff Ellis was identified as a witness in the context of an internal investigation against the fellow officer identified in this paragraph and that, as a result of Plaintiff Ellis' actions in the context of that investigation, he became the subject of an internal investigation. Defendants deny the remaining allegations made in paragraph 27 of Plaintiffs' Complaint.

28.     With regard to the allegations made in paragraph 28 of Plaintiffs' Complaint, Defendants admit that Plaintiff Ellis was investigated for insubordination but deny the remaining allegations made therein.

29.     Defendants' deny the allegations made in paragraph 29 of Plaintiffs' Complaint.

30.     With regard to the allegations made in paragraph 30 of Plaintiffs' Complaint, Defendants admit that the Hobbs Police Department investigated the allegation that Plaintiff Ellis lied by omission during a telephone call with Captain Charles Cunningham but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

6

31.     With regard to the allegations made in paragraph 31 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

32.     Defendants deny the allegations made in paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations made in paragraph 33 of Plaintiffs' Complaint.

34.     With regard to the allegations made in paragraph 34 of Plaintiffs' Complaint, Defendants deny that HPD tried to terminate Plaintiff Ellis before trying to suspend him but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

35.     With regard to the allegations made in paragraph 35 of Plaintiffs' Complaint, Defendants admit Plaintiff Ellis received a suspension but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

36.     With regard to the allegations made in paragraph 36 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

37.     With regard to the allegations made in paragraph 37 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

38.     With regard to the allegations made in paragraph 38 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

39.     With regard to the allegations made in paragraph 39 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

40.     Defendants deny the allegations made in paragraph 40 of Plaintiffs' Complaint.

41.     With regard to the allegations made in paragraph 41 of Plaintiffs' Complaint, Defendants admit that Plaintiff Ellis failed to record a use of force incident but deny the remaining allegations contained therein.

42.     With regard to the allegations made in paragraph 42 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

43.     With regard to the allegations made in paragraph 43 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

44.     The phrase "for subsequent reprimand" contained in paragraph 44 of Plaintiffs' Complaint are so vague, unspecific or ambiguous that Defendants cannot reasonably frame a response.

45.     With regard to the allegations made in paragraph 45 of Plaintiffs' Complaint, the terms "bad" and "good" are so vague, unspecific or ambiguous that Defendants cannot reasonably frame a response thereto other than Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegation that Sergeant Herrera told Plaintiff Ellis that the yearly evaluation was approved by Captain Blevins and Deputy Chief Dunlap and, therefore, deny it.

46.     With regard to the allegations made in paragraph 46 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

47.     With regard to the allegations made in paragraph 47 of Plaintiffs' Complaint, the term "good" is so vague, unspecific or ambiguous that Defendants cannot reasonably frame a response thereto.  With regard to the allegation made in paragraph 47 of Plaintiffs' Complaint regarding the timing of the evaluation in relation to Plaintiff Ellis' alleged objections, Defendants are without knowledge or information sufficient to form an opinion as to the truth of these allegations and, therefore, deny the same.

48.     With regard to the allegations made in paragraph 48 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

49.     With regard to the allegations made in paragraph 49 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

50.     Defendants deny the allegations made in paragraph 50 of Plaintiffs' Complaint.

51.     With regard to the allegations made in paragraph 51 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

52.     With regard to the allegations made in paragraph 52 of Plaintiffs' Complaint, Defendants deny that the alleged instructions by Sergeant Herrera were "contrary to protocol" and are without knowledge or information sufficient to form an opinion as to the truth of the remaining

allegations made therein and, therefore, deny the same.

53.     Defendants deny the allegations made in paragraph 53 of Plaintiffs' Complaint.

54.     With regard to the allegations made in paragraph 54 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

55.     With regard to the allegations made in paragraph 55 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

56.     With regard to the allegations made in paragraph 56 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

57.     With regard to the allegations made in paragraph 57 of Plaintiffs' Complaint, Defendants deny Plaintiff Ellis was not given an exit interview.  Defendants affirmatively state that Human Resources conducted an exit interview with Plaintiff Ellis but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

58.     With regard to the allegations made in paragraph 58 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

59.     With regard to the allegations made in paragraph 59 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

60.     With regard to the allegations made in paragraph 60 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

## II.     Jeremy Artis

61.     With regard to the allegations made in paragraph 61 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

62.     With regard to the allegations made in paragraph 62 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

63.     With regard to the allegations made in paragraph 63 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

64.     With regard to the allegations made in paragraph 64 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

65.     Defendants deny the allegations made in paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny the allegations made in paragraph 66 of Plaintiffs' Complaint.

67.     With regard to the allegations made in paragraph 67 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations regarding military service made therein and, therefore, deny the same.  Defendants deny the remaining allegations made in paragraph 67 of Plaintiffs' Complaint.

68.     With regard to the allegations made in paragraph 68 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

69.     With regard to the allegations made in paragraph 69 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

70.     With regard to the allegations made in paragraph 70 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

71.     With regard to the allegations made in paragraph 71 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

72.     With regard to the allegations made in paragraph 72 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

73.     With regard to the allegations made in paragraph 73 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

74.     With regard to the allegations made in paragraph 74 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

75.      Defendants deny the allegations made in paragraph 75 of Plaintiffs' Complaint.

76.     With regard to the allegations made in paragraph 76 of Plaintiffs' Complaint, Defendants admit that on or about March 4, 2017 Plaintiffs Artis and Robinson were at a bar. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 76 of Plaintiffs' Complaint and, therefore, deny the same.

77.     With regard to the allegations made in paragraph 77 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

78.     With regard to the allegations made in paragraph 78 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

79.     With regard to the allegations made in paragraph 79 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.  Defendants affirmatively state that "dispatch" does not respond to calls for service as alleged in paragraph 79.

80.     With regard to the allegations made in paragraph 80 of Plaintiffs' Complaint, Defendants deny that "dispatch arrived" but admit that Officer Randy Mills arrived and engaged in a verbal exchange with Plaintiffs Artis and Robinson.  Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 80 of Plaintiffs' Complaint and, therefore, deny the same.

81.     With regard to the allegations made in paragraph 81 of Plaintiffs' Complaint, Defendants admit Plaintiffs Artis and Robinson were off-duty but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein

and, therefore, deny the same.

82.     With regard to the allegations made in paragraph 82 of Plaintiffs' Complaint, Defendants admit Plaintiffs Artis and Robinson filed a complaint but deny the remaining allegations made therein.

83.     With regard to the allegations made in paragraph 83 of Plaintiffs' Complaint, Defendants deny that Plaintiff Artis was "prevented" from working overtime but affirmatively state he was not eligible to work overtime because he had not yet completed HPD's field training program.  Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 83 of Plaintiffs' Complaint and, therefore, deny the same.

84.     With regard to the allegations made in paragraph 84 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

85.     With regard to the allegations made in paragraph 85 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

86.     Defendants deny the allegations made in paragraph 86 of Plaintiffs' Complaint.

87.     With regard to the allegations made in paragraph 87 of Plaintiffs' Complaint, Defendants admit that Plaintiffs Artis and Robinson left HPD but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

88.     Defendants deny the allegations made in paragraph 88 of Plaintiffs' Complaint.

14

89.     With regard to the allegations made in paragraph 89 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

90.     With regard to the allegations made in paragraph 90 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

91.     With regard to the allegations made in paragraph 91 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

92.     With regard to the allegations made in paragraph 92 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

93.     With regard to the allegations made in paragraph 93 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

94.     With regard to the allegations made in paragraph 94 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

95.     With regard to the allegations made in paragraph 95 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

### III.   Vasshawn Robinson

96.   With regard to the allegations made in paragraph 96 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

97.   With regard to the allegations made in paragraph 97 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

98.   Defendants deny the allegations made in paragraph 98 of Plaintiffs' Complaint.

99.   With regard to the allegations made in paragraph 99 of Plaintiffs' Complaint, the phrase "training period" is so vague, unspecific or ambiguous that Defendants cannot reasonably frame a response.

100.   Defendants deny the allegations made in paragraph 100 of Plaintiffs' Complaint.

101.   Defendants admit the allegations made in paragraph 101 of Plaintiffs' Complaint.

102.   With regard to the allegations made in paragraph 102 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

103.   With regard to the allegations made in paragraph 103 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

104.   With regard to the allegations made in paragraph 104 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

16

105.    With regard to the allegations made in paragraph 105 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

106.    With regard to the allegations made in paragraph 106 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

107.    With regard to the allegations made in paragraph 107 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

108.    Defendants deny the allegations made in paragraph 108 of Plaintiffs' Complaint.

109.    With regard to the allegations made in paragraph 109 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

110.    Defendants deny the allegations made in paragraph 110 of Plaintiffs' Complaint.

111.    With regard to the allegations made in paragraph 111 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

112.    With regard to the allegations made in paragraph 112 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

113.    With regard to the allegations made in paragraph 113 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the

allegations made therein and, therefore, deny the same.

114.    With regard to the allegations made in paragraph 114 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

115.    With regard to the allegations made in paragraph 115 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

116.     With regard to the allegations made in paragraph 116 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

117.    With regard to the allegations made in paragraph 117 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

118.    With regard to the allegations made in paragraph 118 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

119.    With regard to the allegations made in paragraph 119 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

120.    With regard to the allegations made in paragraph 120 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

121.    Defendants deny the allegations made in paragraph 121 of Plaintiffs' Complaint.

122.    With regard to the allegations made in paragraph 122 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

123.    With regard to the allegations made in paragraph 123 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

124.    With regard to the allegations made in paragraph 124 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

125.    With regard to the allegations made in paragraph 125 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

126.    With regard to the allegations made in paragraph 126 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

127.    With regard to the allegations made in paragraph 127 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

128.    Defendants deny the allegations made in paragraph 128 of Plaintiffs' Complaint.

129.    With regard to the allegations made in paragraph 129 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the

allegations made therein and, therefore, deny the same.

130.    With regard to the allegations made in paragraph 130 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

131.    With regard to the allegations made in paragraph 131 of Plaintiffs' Complaint, Defendants admit a man shot himself in front of the hospital but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

132.    With regard to the allegations made in paragraph 132 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

133.    With regard to the allegations made in paragraph 133 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

134.    With regard to the allegations made in paragraph 134 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

135.    With regard to the allegations made in paragraph 135 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

136.    With regard to the allegations made in paragraph 136 of Plaintiffs' Complaint, Defendants deny that Plaintiff Artis submitted a complaint to HPD but are without knowledge or

information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

137.    With regard to the allegations made in paragraph 137 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

138.    With regard to the allegations made in paragraph 138 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

139.    With regard to the allegations made in paragraph 139 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

140.    With regard to the allegations made in paragraph 140 of Plaintiffs' Complaint, Defendants deny Plaintiff Robinson called the Hobbs Police Department and are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

141.    With regard to the allegations made in paragraph 141 of Plaintiffs' Complaint, Defendants deny Officer Burleson ignored the fight, admit Officer Burleson had contact with Plaintiff Robinson and are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

142.    With regard to the allegations made in paragraph 142 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

143.    With regard to the allegations made in paragraph 143 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

144.    With regard to the allegations made in paragraph 144 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

145.    Defendants deny the allegations made in paragraph 145 of Plaintiffs' Complaint.

146.    Defendants deny the allegations made in paragraph 146 of Plaintiffs' Complaint.

147.    Defendants deny the allegations made in paragraph 147 of Plaintiffs' Complaint.

148.    With regard to the allegations made in paragraph 148 of Plaintiffs' Complaint, Defendants admit Plaintiff Robinson filed a complaint regarding the incident involving the intoxicated motorcyclist but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

149.    Defendants deny the allegations made in paragraph 149 of Plaintiffs' Complaint.

150.    With regard to the allegations made in paragraph 150 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

151.    With regard to the allegations made in paragraph 151 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

152.    Defendants deny the allegations made in paragraph 152 of Plaintiffs' Complaint.

153.    Defendants admit the allegations made in paragraph 153 of Plaintiffs' Complaint that

Plaintiff Robinson sought employment elsewhere and affirmatively state that Plaintiff Robinson obtained employment elsewhere.

154.    With regard to the allegations made in paragraph 154 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

155.    With regard to the allegations made in paragraph 155 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

156.    With regard to the allegations made in paragraph 156 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

157.    With regard to the allegations made in paragraph 157 of Plaintiffs' Complaint, Defendants admit a representative from the Sandoval County Sheriff's Department contacted the Hobbs Police Department for background information but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

158.    With regard to the allegations made in paragraph 158 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

159.    With regard to the allegations made in paragraph 159 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

160.    With regard to the allegations made in paragraph 160 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

161.    With regard to the allegations made in paragraph 161 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

162.    With regard to the allegations made in paragraph 162 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

163.    With regard to the allegations made in paragraph 163 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

164.    With regard to the allegations made in paragraph 164 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

165.    With regard to the allegations made in paragraph 165 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

166.    With regard to the allegations made in paragraph 166 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

167.    With regard to the allegations made in paragraph 167 of Plaintiffs' Complaint,

Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made therein and, therefore, deny the same.

168.     Defendants admit the allegation made in paragraph 168 of Plaintiffs' Complaint that Plaintiff Robinson was hired by the Lea County Sheriff's Office, but are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made therein and, therefore, deny the same.

## COUNT I- VIOLATIONS OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT

169.     Defendants reallege all of their previous and subsequent answers to Plaintiffs' Complaint as their answer to paragraph 169 of Plaintiffs' Complaint.

170.     The allegations made in paragraph 170 of Plaintiffs' Complaint set forth a legal conclusion and do not require a response.  To the extent the allegations made in paragraph 170 of Plaintiffs' Complaint require a response, Defendants deny that HPD is a public employer.

171.     The allegations made in paragraph 171 of Plaintiffs' Complaint set forth a legal conclusion and do not require a response.  To the extent the allegations made in paragraph 171 of Plaintiffs' Complaint require a response, Defendants deny the same.

172.     The allegations made in paragraph 172 of Plaintiffs' Complaint set forth legal conclusions and do not require a response.  To the extent the allegations made in paragraph 172 of Plaintiffs' Complaint require a response, Defendants deny the same.

173.     The allegations made in paragraph 173 of Plaintiffs' Complaint set forth legal conclusions and do not require a response.  To the extent the allegations made in paragraph 173 of Plaintiffs' Complaint require a response, Defendants deny the same.

174.     The allegations made in paragraph 174 of Plaintiffs' Complaint set forth legal

conclusions and do not require a response.  To the extent the allegations made in paragraph 174 of Plaintiffs' Complaint require a response, Defendants deny the same.

175.    The allegations made in paragraph 175 of Plaintiffs' Complaint set forth legal conclusions and do not require a response.  To the extent the allegations made in paragraph 175 of Plaintiffs' Complaint require a response, Defendants deny the same.

176.    Defendants deny the allegations made in paragraph 176 of Plaintiffs' Complaint.

177.    With regard to the allegations made in paragraph 177 of Plaintiffs' Complaint, Defendants admit that Plaintiffs found employment elsewhere, but deny the remaining allegations made therein.

178.    With regard to the allegations made in paragraph 178 of Plaintiffs' Complaint, Defendants deny Plaintiffs' allegations of misconduct at HPD and therefore deny that public policy encouraged plaintiffs to speak out regarding same.

179.    Defendants deny the allegations made in paragraph 179 of Plaintiffs' Complaint.

**COUNT II- VIOLATIONS OF THE FIRST AMENDMENT RIGHTS TO FREE SPEECH TO [sic] ASSOCIATION UNDER THE UINITED STATES CONSTITUTION**

180.    Defendants reallege all of their previous and subsequent answers to Plaintiffs' Complaint as their answer to paragraph 180 of Plaintiffs' Complaint.

181.    The allegation made in paragraph 181 of Plaintiffs' Complaint sets forth a legal conclusion and does not require a response.  To the extent the allegation made in paragraph 181 of Plaintiffs' Complaint require a response, Defendants admit it.

182.    With regard to the allegations made in paragraph 182 of Plaintiffs' Complaint, Defendants deny there is a racist culture within HPD, that it targets African-American minorities, or that Plaintiff Artis is an African-American man.  Defendants are without knowledge or

information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 182 of Plaintiffs Complaint and, therefore, deny the same.

183.    Defendants are without knowledge or information sufficient to form an opinion as to the truth of the allegations made in paragraph 183 of Plaintiffs' Complaint and, therefore, deny the same.  Defendants affirmatively state that Mr. Cotton has met with one or more City officials, including Chief McCall and/or former City Manager Murphy, on several occasions to discuss various topics including the African-American community in Hobbs and misinformation regarding HPD having a quota.

184.    With regard to the allegations made in paragraph 184 of Plaintiffs' Complaint, Defendants deny Plaintiffs "intended to bring to light wrongdoings and breaches of public trust by HPD, and disclose evidence of impropriety and malfeasance within the Department to protect African Americans from invidious discrimination", "Plaintiffs are, as African-American police officers, in a valuable and unique position to provide community policing to heal distrust between the African-American community and HPD", and that Plaintiffs were in "fear of retaliatory actions or dismissal" if they spoke out about questions of policing minority communities. Defendants are without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations made in paragraph 184 of Plaintiffs' Complaint and, therefore, deny the same.

185.    With regard to the allegations made in paragraph 185 of Plaintiffs' Complaint, the term "this" is so vague, unspecific or ambiguous that Defendants cannot reasonably frame a response.  In addition, the allegations made in paragraph 185 of Plaintiffs' Complaint set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 185 require a response, Defendants deny the same.

186.    With regard to the allegations made in paragraph 186 of Plaintiffs' Complaint, Defendants deny the same.

187.    With regard to the allegations made in paragraph 187 of Plaintiffs' Complaint, Defendants deny the same.

188.    With regard to the allegations made in paragraph 188 of Plaintiffs' Complaint, Defendants deny the same.

189.    With regard to the allegations made in paragraph 189 of Plaintiffs' Complaint, Defendants deny the same.

190.    With regard to the allegations made in paragraph 190 of Plaintiffs' Complaint, Defendants deny the same.

191.    With regard to the allegations made in paragraph 191 of Plaintiffs' Complaint, Defendants deny the same.

192.    With regard to the allegations made in paragraph 192 of Plaintiffs' Complaint, Defendants deny the same.

193.    With regard to the allegations made in paragraph 193 of Plaintiffs' Complaint, Defendants deny the same.

194.    With regard to the allegations made in paragraph 194 of Plaintiffs' Complaint, Defendants admit that Plaintiffs seeks relief under the First Amendment but deny they are entitled to it.

**COUNT III- FOURTEENTH AMENDMENT VIOLATIONS OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION and 42 U.S.C. § 1981 FOR DISCRIMINATION BASED ON RACE (Against Individual Defendants)**

195.     Defendants reallege all of their previous and subsequent answers to Plaintiffs' Complaint as their answer to paragraph 195 of Plaintiffs' Complaint.

196.     With regard to the allegations made in paragraph 196 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 196 require a response, Defendants deny the same.

197.     With regard to the allegations made in paragraph 197 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 197 require a response, Defendants deny the same.

198.     With regard to the allegations made in paragraph 198 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 198 require a response, Defendants deny the same.

199.     With regard to the allegations made in paragraph 199 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 199 require a response, Defendants deny the same.

200.     With regard to the allegations made in paragraph 200 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 200 require a response, Defendants deny the same with the exception of 42 U.S.C. §1981 which they admit.

201.     Defendants deny the allegations made in paragraph 201 of Plaintiffs' Complaint.

202.     With regard to the allegations made in paragraph 202 of Plaintiffs' Complaint, they

set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 202 require a response, Defendants deny the same.

203.     With regard to the allegations made in paragraph 203 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 203 require a response, Defendants deny the same.

204.     With regard to the allegations made in paragraph 204 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 204 require a response, Defendants deny the same.

205.     With regard to the allegations made in paragraph 205 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 205 require a response, Defendants deny the same.

206.     With regard to the allegations made in paragraph 206 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 206 require a response, Defendants deny the same.

207.     With regard to the allegations made in paragraph 207 of Plaintiffs' Complaint, they set forth legal conclusions and do not require a response.  To the extent that the allegations made in paragraph 207 require a response, Defendants deny the same.

## GENERAL DENIAL

208.     Defendants deny each and every allegation not specifically admitted in their Answer, including any allegations made in Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs alleged one or more causes of action which fail to state a claim for which relief may be granted.

### Second Affirmative Defense

The individual Defendants' actions in this case were objectively reasonable under the circumstances and did not violate any of Plaintiffs' clearly established constitutional rights, thereby entitling the individual Defendants to qualified immunity.

### Third Affirmative Defense

Plaintiffs' claims may be barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

None of the actions by the individual Defendants described in Plaintiff's Complaint constitute a violation of New Mexico law.

### Fifth Affirmative Defense

At all material times, the acts of Defendants were taken in good faith, were justified, and otherwise based on legitimate non-discriminatory and non-retaliatory business reasons.

### Sixth Affirmative Defense

Plaintiffs' actions, in whole or part, were not protected activities under the New Mexico Whistleblower Protection Act or otherwise, and were not made in good faith.

### Seventh Affirmative Defense

Plaintiffs' Whistleblower Protection Act claim does not apply to the individual Defendants.

**Eighth Affirmative Defense**

Plaintiffs may have failed to exhaust their administrative remedies.

**Ninth Affirmative Defense**

There is no causal connection between Plaintiffs' alleged protected status or conduct and the alleged adverse employment action(s).

**Tenth Affirmative Defense**

One of more claims asserted by Plaintiffs may be barred by the applicable statute of limitations.

**Eleventh Affirmative Defense**

The sole and proximate cause of any damages to Plaintiffs, if any exist, was caused by their own intentional and/or negligent acts and/or that of other tortfeasors, and Plaintiffs' recovery against Defendants, if any, must be reduced proportionally.

**Twelfth Affirmative Defense**

Plaintiffs' injuries, if any, were proximately caused by an independent intervening cause for which Defendants are not liable.

**Thirteenth Affirmative Defense**

Plaintiffs failed to mitigate their damages, if any such damages were in fact incurred, and to that extent, those damages are barred from recovery.

**Fourteenth Affirmative Defense**

These affirmative defenses are preliminary, without the benefit of all of the facts underlying or pertaining to Plaintiffs' claims.  Defendants therefore reserve the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery

and/or applicable substantive law and to amend this Answer.

## JURY DEMAND

Defendants demand a jury trial on all issues so triable.

**WHEREFORE**, Defendants respectfully requests that this Court dismiss Plaintiffs' Complaint for Violation of the Whistleblower Protection Act, and for Violations of the Fourteenth and First Amendments of the United States Constitution, award Defendants their attorney's fees and costs, and order all other relief this Court deems just and proper.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.

By:     /s/ Luis Robles
        Luis Robles
        **Attorney for Defendants**
        500 Marquette Ave., NW, Suite 700
        Albuquerque, New Mexico  87102
        (505) 242-2228
        (505) 242-1106 (facsimile)
        luis@roblesrael.com

I hereby certify that on this   26th   day of
November, 2017, the foregoing was served
via the CM/ECF system to the following:

Shannon L. Kennedy
Kennedy Kennedy & Ives
1000 2nd Street NW
Albuquerque, NM 87102
(505) 244-1400
slk@civilrightslaw.com

/s/ Luis Robles
Luis Robles

33