# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS, *et al.*,

       Plaintiffs,                                  Civ. No. 17-1011 WJ/GBW

v.

HOBBS POLICE DEPARTMENT, *et al.*,

       Defendants.

## ORDER

THIS MATTER comes before the Court after a telephonic conference with counsel. *See doc. 91*. At the conference, counsel addressed the possible existence of digital evidence of audio recordings on electronic devices and within digital accounts controlled by Plaintiff Brandon Ellis. As the Court advised counsel in the conference, it will not consider the relief sought by Defendants outside of a formal motion. Prior to the filing of such a motion, counsel are ordered to engage in a good faith meet-and-confer process in an attempt to resolve or limit the disputed issues. Should disputes remain after the meet-and-confer process, the motion must be filed no later than **November 30, 2018**. The response will be due no later than ten business days after the filing of the motion. The reply will be due no later than 5 business days after the filing of the response. In order to preserve the status quo pending a final ruling on the motion,[1] Plaintiff Brandon Ellis is ordered to:

---

[1] Should the parties resolve the matter without the filing of a motion, the parties should also agree on when these preservation requirements will expire.

(1) Maintain his Apple iCloud account in good standing, ensure that there is sufficient available storage in that account to prevent any iCloud backup of the iPhone he used to make audio recordings from being overwritten, and not delete any iPhone backup files which currently exist in that account;

(2) Maintain any backup files for iOS devices which currently exist on his home computer;

(3) Maintain in good standing any cloud storage accounts (such as DropBox, Google Drive, Microsoft OneDrive, iCloud Drive, etc.) utilized by Plaintiff Brandon Ellis since the first time he recorded audio of Hobbs Police Department personnel, and not delete any audio recordings which may be saved on those accounts; and

(4) Not delete from the iPhone (used for the audio recording) any recording app, or file/data associated with such an app.[2]

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court understands that the particular iPhone is currently being utilized by Plaintiff Brandon Ellis' daughter. Plaintiff Ellis is ordered to direct his daughter of this prohibition and will be responsible for her compliance with it.