# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS, *et al.*,

   Plaintiffs,

v.                                                 Civ. No. 17-1011 WJ/GBW

HOBBS POLICE DEPARTMENT, *et al.*,

   Defendants.

## ORDER GRANTING CITY DEFENDANTS' MOTION TO COMPEL PRODUCTION OF VALID RELEASES

THIS MATTER comes before the Court on City Defendants' Motion to Compel the Production of Valid Releases Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). *Doc. 132*. Defendants move the Court to order Plaintiffs Artis, Ellis, and Robinson to provide updated HIPAA releases, as their previously completed releases have now expired. Having reviewed the motion and attendant briefing (*docs. 132*, *135*, *136*), the Court will GRANT Defendants' Motion to Compel.

    **I.**    **PRIOR RELEASES**

The subject of the current Motion to Compel is not a new discovery request *per se*. Rather, Defendants request the extension of an answer to a previous discovery

request.  In June and July of 2018, pursuant to Defendants' discovery requests,[1] Plaintiffs each signed two releases under HIPAA.  *Doc. 132-8*, *-9*, *-10*, Exhibits H–J.  These forms authorized the release of records for treatment dates between December 2011 and January 2019.  *Id*.  However, each authorization expires one year from its date of execution, *see id*., meaning that the six signed releases expire in either June or July of 2019.  Defendants will no longer be able to access Plaintiffs' records after that time.

At about the time these HIPAA releases were signed, the discovery deadline was extended from July 30, 2018 (*doc. 26*) to October 1, 2018 (*doc. 36*).  Therefore, neither Plaintiffs nor Defendants had any reason to believe that the one-year expiration period would prove insufficient.  However, the deadline for termination of discovery was subsequently extended to June 14, 2019 (*doc. 116*) and then to September 12, 2019 by stipulated motion of the parties (*doc. 133*).  Consequently, as of the present date, discovery is ongoing in this case, but Plaintiffs' HIPAA authorizations are set to expire several months before the September 12, 2019 discovery deadline.

---

[1] As Defendants correctly note, Local Rule 26.3(d) requires that "[i]n all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce…for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix 'A.'"  D.N.M.LR-Civ. 26.3(d)(3). It is therefore at least arguable that Plaintiffs were required to produce the HIPAA releases independent of Defendants' request.  However, Defendants elected to use their discovery requests at that juncture instead of objecting, so the Court neither reaches nor determines the Rule 26.3(d) issue.

## II.    CURRENT RELEASE REQUESTS

In their current motion, filed on May 10, 2019, Defendants request the Court to compel production of valid, updated HIPAA releases for the period of December 2011 to May 2019.[2] *See doc. 132* at 9–10. Plaintiffs responded in opposition on May 24, 2019. *Doc. 135*. Defendants replied on June 4, 2019, additionally requesting attorney's fees incurred in the litigation of the motion. *Doc. 136*.

In their Second Set of Requests for Production, Defendants requested updated releases from Plaintiffs Artis, Ellis, and Robinson ("Request for Production No. 1"). *See, e.g., doc. 132-11* at 2. Defendants initially requested releases for a time period of 2007 through 2017. *See doc. 132* at 7; *doc. 135* at 2. Each Plaintiff objected to Request for Production No. 1 as "overbroad and unduly burdensome," and offered instead to sign a release with a date range of January 1, 2019 through June 14, 2019.[3] *Docs. 132-11*, *132-12*, *132-13*. In an attempt to resolve the dispute, Defendants offered to adjust the release dates to December 2011 through May 2019—the original period of the expired releases, plus five additional months. *See doc. 132* at 8; *doc. 132-14*. Plaintiffs, however, remain firm in their refusal to provide the requested releases. *See generally doc. 135*.

---

[2] Plaintiffs characterize Defendants as "now…want[ing] a second bite at the apple for the time frame of *2007 through December 11, 2011 and up to 2017*." *Doc. 135* at 2 (emphasis in original). However, Defendants have been quite clear that, at this time, they request releases covering the dates of *December 2011 through May 2019*. *See doc. 132* at 9.

[3] As of April 19, 2019, the date Plaintiffs responded to Request for Production No. 1, June 14, 2019 was the deadline for termination of discovery. *See doc. 116*.

3

In order to evaluate the validity of Plaintiffs' objections, it is necessary to separate the issue of the *expiration date* of the releases from the issue of the *date ranges covered* by the releases. Plaintiffs appear to have no objection to the *date ranges covered* by the requested releases. The currently requested range is December 2011 through May 2019. *See doc. 132* at 8. The period of December 2011 through January 2019 was covered by Plaintiffs' prior authorizations without objection. *See docs. doc. 132-8*, -9, -10, Exhibits H–J. Indeed, Plaintiffs acknowledge that the present request is "duplicative" of Request for Production No. 10, from Defendants' first set of requests, at least with respect to the original time frame. *See doc. 135* at 2. The only *new* date range is from January 2019 through May 2019. However, Plaintiffs have explicitly stated that they are willing to sign a release covering this new period of time. *See doc. 135* at 2 ("Plaintiffs submitted an alternative medical release date range for the relevant time frame of January 2019 through the then close of discovery, June 14, 2019."). The Court therefore concludes that Plaintiffs take no exception to the requested date range of December 2011 through January 2019.[4]

Conversely, Plaintiffs do appear to object to the updated *expiration date* of the newly requested releases. That is, they object to providing updated HIPAA releases for the same date ranges already provided, precisely because the new releases would be

---

[4] Plaintiffs did indicate that they objected to the time frame of 2007 to December 2011 as "not calculated to lead to discoverable evidence." *Doc. 135* at 2. Because Defendants no longer request releases covering this time frame, the Court does not consider the question.

"duplicative of the previously provided medical releases." *Doc. 135* at 2. The only material difference would be the non-expired status of the new releases. Plaintiffs characterize Defendants' request for updated releases as a "second bite at the apple" and claim that they have had "ample access to Plaintiffs' medical records," *id.*, apparently believing that Defendants ought to have acquired and fully reviewed the relevant medical records before the initial expiration date.

However, discovery is still ongoing in this case, a fact that was not anticipated at the time Plaintiffs signed the standard HIPAA forms including a one-year expiration date. Defendants were not obliged to access the requested information at any particular time, or to use it for any one particular purpose. Plaintiffs have established that they do not object to Defendants' having "access to current information on Plaintiff's injuries," *doc. 135* at 1. All that Defendants now request is continued access to past information (Plaintiffs' records from prior to January 2019) that was already previously available.

Under Rule 26(e), a party who has responded to a request for production "must supplement its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1). In this case, the Court finds that Plaintiffs' response became effectively incomplete when Plaintiffs' HIPAA authorizations expired before the close of discovery, terminating

5

Defendants' access to the information. Even assuming, *arguendo*, that Plaintiffs had no duty to update their disclosures under Rule 26(e)(1), they provide no adequate or persuasive argument for their refusal to comply with Defendants' new requests. At worst, Defendants will waste their time examining information that was already examined previously, which does not appear to burden or prejudice Plaintiffs in any meaningful way.

Finally, Plaintiffs argue that Defendants' motion should be denied based on Defendants' failure to confer in good faith before filing. *See doc. 135* at 3–4. Indeed, Local Rule 7.1 provides that all motions must include a "recitation of a good-faith request for concurrence," except where the opposing party is a *pro se* inmate. D.N.M.LR-Civ. 7.1(a). The advisory committee notes of Federal Rule of Civil Procedure 26 further provide that parties must confer before filing a motion to compel. *See* Rule 26 Notes of Advisory Committee on 2006 amendment.

Whatever the exact contours of Defendants' duty to confer and to seek concurrence, the Court finds that Defendants have fulfilled it beyond question. Defendants' Motion to Compel includes a detailed recitation of their attempts to communicate with Plaintiffs' counsel, and an attached letter to Plaintiffs' counsel regarding the HIPAA releases. *See doc. 132* at 8 (describing "City Defendants' May 3, 2019 letter and multiple calls to Plaintiff's counsel to determine their position on City Defendants' letter"); *doc. 132-14*, Exhibit N (letter to Plaintiffs' counsel dated May 3,

2019). In fact, Defendants allege—and Plaintiffs do not dispute[5]—that Plaintiffs' counsel failed to respond to Defendants' letter or calls. *See doc. 132* at 8; *doc. 135*. Therefore, the Court finds that Plaintiffs' argument is utterly without basis. Under the circumstances, Defendants made a good faith effort to confer and to seek concurrence as to their Motion to Compel.

### III. ATTORNEY'S FEES

In their reply, Defendants also request an award of their attorney's fees incurred in litigating this matter. *See doc. 136* at 6–7. Defendants argue that they are entitled to such award "[b]ased on Plaintiffs' failure to confer," as Plaintiffs failed to respond to their letter and phone calls regarding the instant motion. *Id.* at 6. Defendants cite no legal authority in support of their entitlement. Moreover, because this request was raised for the first time in Defendants' reply, Plaintiffs have had no chance to respond.

Generally, new issues raised for the first time in a reply brief will not be considered. *See, e.g.*, *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) (citing Tenth Circuit's "general rule that we do not consider issues raised for the first time in a reply brief"); *Lopez v. New Mexico*, 2016 WL 9776568, at *4 (D.N.M. Oct. 11, 2016) (declining to grant attorney's fees requested for the first time in reply). The Court sees

---

[5] Plaintiffs attached several exhibits to their response showing email exchanges between Plaintiffs' counsel and defense counsel. *See docs. 135-1*, *135-2*, *135-3*. However, these emails are dated March and April 2019, and there is no evidence of a response to Defendants' attempted communications in May.

no reason to make an exception here.  Consequently, the Court will deny Defendants' request for attorney's fees.

   IV.   CONCLUSION

   For the foregoing reasons, Defendants' Motion to Compel (*doc. 132*) is GRANTED.  Defendants' request for an award of attorney's fees, raised for the first time in their reply (*doc. 136*), is DENIED.

   IT IS THEREFORE ORDERED that Plaintiffs Artis, Ellis, and Robinson shall produce two (2) current, signed medical and mental health HIPAA releases with a date range from December 2011 to May 2019, authorizing medical and mental health providers to release information to counsel for City Defendants and Dr. William Foote.

   **IT IS SO ORDERED.**

   _____
   GREGORY B. WORMUTH
   UNITED STATES MAGISTRATE JUDGE