IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS, *et al.*,

    Plaintiffs,

v.                                                                          Civ. No. 17-1011 WJ/GBW

HOBBS POLICE DEPARTMENT, *et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for Order to Protect the Privacy of Plaintiff Ellis' Family Members' Cell Phones (*doc. 151*) and the attendant briefing (*docs. 156*, *159*). For the following reasons, Plaintiffs' Motion is GRANTED, with the exception of the request for relief raised for the first time in Plaintiffs' reply brief.[1]

### I.    FACTUAL BACKGROUND

On December 26, 2018, the Court entered a Stipulated Order Resolving Cell Phone Production. *Doc. 99*. This order codified the parties' agreement regarding the forensic examination of Plaintiff Brandon Ellis' cell phone, and read in relevant part as follows:

> C. Mr. Link [Defendants' forensic analyst] shall conduct a forensic
> examination of Plaintiff Ellis' cell phone and iCloud account, including:

---

[1] Plaintiffs requested that Plaintiff Ellis not be required to send the cell phones back for examination in the event that Defendants have not already conducted a full forensic examination. *See* Section III, *infra*.

1. Examination of the cell phone's recording function and/or application utilized by Ellis to find audio recordings and evidence of deletion/alteration/editing of audio recordings he may have created or deleted on the cell phone;
2. Examination of the cell phone's memory and data storage apps to find audio recordings and evidence of the deletion/alteration/editing of audio recordings created or deleted by Ellis; and
3. Examination of Ellis' iCloud account to find audio recordings and evidence of the deletion/alteration/editing of audio recordings created or deleted by Ellis.

D. The IT experts' forensic evaluation of the cell phone will take approximately three (3) days. Immediately upon the IT expert's completion of the forensic examination of the cell phone, he shall mail it via Federal Express Mail to Plaintiff Ellis' home address[.]

*Id*. at 2. In addition, the Stipulated Order contained the following explicit limitation: "The cell phone has been in the possession of Ellis' daughter since Spring 2018. The IT expert shall not examine any data or data storage on the cell phone created by Brandon Ellis' daughter." *Id*. at 2 n.1.

Prior to the ordered forensic examination, however, Plaintiff Ellis took the iPhone 6 to a Verizon store on January 5, 2019, in order to transfer his wife's Apple ID and his daughter's iCloud information onto a new phone for his wife.[2] According to Mr. Ellis' deposition testimony, he did not give the Verizon store employees authorization to reset the phone, nor was he warned that a reset would be performed.

---

[2] The Court substantially adopts Plaintiffs' version of the facts because, although Defendants "disagree with Plaintiffs' characterizations," *doc. 156* at 1–2, they have offered no alternative version. Nor, indeed, have they objected to any particular or specific facts alleged by Plaintiffs.

2

*Doc. 151-1* at 10. Nevertheless, the end result was that the phone's data was erased and Defendants' technician was unable to examine the phone's memory for evidence relating to audio recordings created or deleted by Mr. Ellis. *See doc. 151* at 2. Mr. Ellis agreed to produce his new phone, an iPhone 8, for examination in order to find any evidence of existing, altered, or deleted audio recordings. In addition, Mr. Ellis agreed to produce his wife's and daughter's cell phones for examination. *See id*. However, following an email exchange between opposing counsel about the forensic examinations, Mr. Ellis conditioned production of his wife's and daughter's cell phones on his counsel's filing a motion to protect their privacy. *See id*. at 5. Although counsel apparently reached a verbal agreement that the technician would not examine the data of Mr. Ellis' wife and daughter, Defendants were—and remain—unwilling to codify this agreement in writing. *See id*.; *doc. 156* at 2. Notwithstanding this disagreement, on August 13, 2019, Plaintiffs' counsel indicated Mr. Ellis' intent to overnight the two phones that day. *See doc. 151* at 5; *doc. 151-12*. Defendants have confirmed that the phones were received. *See doc. 156* at 2.

Defendants did not specify in their response, and Plaintiffs apparently do not know, whether a full forensic examination of these phones was actually conducted. *See doc. 159* at 4 ("Defendants have not affirmatively stated that the examination of the cell phones was completed."). On August 28, 2019, defense counsel emailed Plaintiffs' counsel and noted that "the examination has not been able to go forward because of the

3

motion that you filed, and will not be able to go forward until we come to an agreement." *Doc. 159-2*. Defense counsel proposed that Plaintiffs withdraw their motion and, in exchange, Defendants would agree to limit examination to information regarding "the Hobbs Police Department, the end of Mr. Ellis's employment with the Hobbs Police Department, or any information regarding the recordings that were deleted from Mr. Ellis's phone or information regarding those recordings exists [sic]." *Id*. Plaintiffs' counsel reiterated that Mr. Ellis wanted a Court-ordered codification of their verbal agreement, and the parties currently remain at an impasse.

**II. PARTIES' POSITIONS**

Plaintiffs seek a protective order essentially mirroring the language of the December 26, 2018 Stipulated Order (*doc. 99*), except that it would relate to Mr. Ellis' wife's and daughter's cell phones instead of Mr. Ellis' original iPhone 6. Additionally, in their reply—though not in their original motion—Plaintiffs request an order stating that, if the examination has not been completed, Mr. Ellis will not be required to send the phones for examination again. *See doc. 159* at 4.

Defendants have refused to approve either of the stipulated orders sent to them by Plaintiffs. *See docs. 151-4, 151-10*. In their response to the present motion, Defendants state the following:

> Defendants have agreed with Plaintiff that the examination of the phones will be limited to subparagraphs 5(A), 5(B), 5(C), and 5(D). An agreement was made by counsel regarding the examination, Defendants do not believe that an Order is required regarding this issue. Additionally, the

4

portion of Plaintiffs [sic] Motion, regarding the timing of the delivery and return of the phones should be moot, as the phones were already sent at the time that Plaintiffs' Motion was filed.

*Doc. 156* at 2. Defendants offer no additional explanation as to why this verbal agreement should not be codified in a Court order.

### III. ANALYSIS

The Court finds that Plaintiffs request nothing in their motion to which Defendants have not, essentially, already agreed. *See doc. 156* at 2 ("Defendants have agreed with Plaintiff that the examination of the phones will be limited…"). As far as the Court can tell, the only substantive point of disagreement between the parties is whether the above-referenced verbal agreement should be put into writing.

Defendants have provided absolutely no reason why the verbal agreement to protect the privacy of Mr. Ellis' family members should not be codified by order of the Court. *See generally id*. Moreover, the requested language is virtually identical to that previously approved by Defendants in the Stipulated Order Resolving Cell Phone Production (*doc. 99*). In light of the total lack of argument or cited authority by Defendants, and the importance of the third-party privacy interests at stake, the Court sees no reason to deny the motion for a protective order and hereby GRANTS it.

In their reply, Plaintiffs also urged the Court: "If Defendants did not examine the cell phones when the phones were in Defendants' custody, Plaintiff Ellis should not be required to again send Defendants his family's cell phones." *Doc. 159* at 4. Plaintiffs

5

argue that Defendants already had the opportunity to examine the phones, and should have done so in compliance with the verbal agreement when they had the chance. *See id*. The Court does not agree. For one, this new request for relief was improperly raised for the first time in Plaintiffs' reply. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 767 n.7 (10th Cir. 2009) ("the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief"); *Jones v. Geneva Pharms., Inc.*, 132 F. App'x 772, 776–77 (10th Cir. 2005) (unpublished) (finding no abuse of discretion where district court applied this rule at the trial court level). Moreover, even if the Court were to consider this newly raised request for relief, it does not appear to be supported by the circumstances of the case. Defendants, evidently, may have delayed examination of the cell phones until the question of what could be properly examined was settled by the Court. In the meantime, Defendants returned the cell phones to Mr. Ellis, who has expressed that it is difficult for his family members to be without their phones. Presumably Mr. Ellis would not have preferred that Defendants keep the phones until disposition of the present Motion. The Court finds nothing in the parties' briefing, or on the record, to justify foreclosing any and all future opportunities for Defendants to examine the cell phones, so long as their examination is consistent with this order.

## IV. PROTECTIVE ORDER

To the extent that a full forensic examination of Mr. Ellis' wife's and daughter's cell phones has not yet been completed, IT IS ORDERED as follows:

(1) Mr. Link's forensic examination of Plaintiff Ellis' wife's and daughter's cell phones and iCloud accounts will include:

   A. Examination of the cell phones' recording functions and/or applications used by Mr. Ellis to find audio recordings and evidence of deletion/alteration/editing of audio recordings Mr. Ellis may have created or deleted on the cell phone;
   B. Examination of the cell phones' memory and storage apps to find audio recordings and evidence of the deletion/alteration/editing of audio recordings created or deleted by Mr. Ellis; and
   C. Examination of Mr. Ellis' wife and daughter's iCloud accounts to find audio recordings and evidence of the deletion/alteration/editing of audio recordings created or deleted by Mr. Ellis.

(2) The IT expert shall not examine any data or data storage on the cell phone created by Brandon Ellis' daughter or wife.

(3) The IT experts' forensic evaluation of the cell phones will take approximately three (3) days for each.

(4) Immediately upon the IT expert's completion of the forensic examination of each cell phone, he shall mail it via Federal Express Mail to Plaintiff Ellis' home address, which shall be provided by Plaintiffs' counsel to Defendants' counsel.

To the extent that a second examination of the phones is required, counsel shall confer to decide on an appropriate date for the examination.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Order to Protect the Privacy of Plaintiff Ellis' Family Members' Cell Phones (*doc. 151*) is GRANTED.  Plaintiffs' request for an order prohibiting future examination of the cell phones, raised for the first time in Plaintiffs' reply brief, is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE