# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS, JEREMY ARTIS,
and VASSHAWN ROBINSON,

     Plaintiffs,

v.                                     **No. Civ. 17-01011 WJ/GBW**

HOBBS POLICE DEPARTMENT,
SERGEANT JASON HERRERA,
LIEUTENANT CHAD WRIGHT,
LIEUTENANT SHANE BLEVINS,
OFFICER JEREMY KIRK,
OFFICER MATTHEW BURLESON,
OFFICER JIMMY GRIMES,
CHIEF OF POLICE CHRISTOPHER MCCALL,
and CITY MANAGER J.J. MURPHY,

     Defendants.

## DEFENDANTS' MOTION FOR SANCTION
## OF DISMISSAL AGAINST PLAINTIFF BRANDON ELLIS

Now come Defendants, Hobbs Police Department, Sergeant Jason Herrera, Lieutenant Chad Wright, Lieutenant Shane Blevins, Officer Jeremy Kirk, Officer Matthew Burleson, Officer Jimmy Grimes, Chief of Police Christopher McCall, and City Manager J.J. Murphy, (collectively "Defendants"), by and through counsel, Mazanec, Raskin & Ryder, L.P.A, and hereby move this Court to impose against Plaintiff Brandon Ellis the sanction of dismissal under Fed.R.Civ.P. 37(b)(2)(A) for his willful violation of this Court's November 15, 2018 preservation order [Doc.

92] and under Fed.R.Civ.P. 37(e)(2)(C) for his intentional destruction of electronically stored information from his iPhone.[1]

This motion seeks dismissal of Plaintiff Brandon Ellis' claims based on his willful destruction of electronically stored information ("ESI") from his iPhone on January 5, 2019, days before producing the phone for Defendants' forensic analysis and weeks after being ordered to preserve the phone intact. Not only did Ellis violate his common law duty to preserve audio recordings from his iPhone, he brazenly violated the Court's November 15, 2018 order which prohibited him from deleting any recording applications, including files and data associated with those application(s). [Doc. 92]. For the reasons that follow, Ellis' egregious misconduct warrants the most severe sanction available under the Federal Rules of Civil Procedures – dismissal of his claims with prejudice.[2]

## I.      FACTS AND BACKGROUND

Throughout the course of this litigation, Ellis has engaged in repeated -- and increasingly bold -- acts of obfuscation and spoliation related to his surreptitious audio recordings of Defendants and other HPD officers. Specifically:

- Ellis failed to preserve all the audio recordings he made at HPD. Although Ellis does not know how many recordings he made or how many he deleted, he admittedly kept only those recordings that were helpful to him. (Exhibit A,

---

[1]      In accord with Local Rule 7.1(a), City Defendants contacted Plaintiffs' counsel by electronic message ("E-mail") on September 27, 2019 to determine whether Plaintiffs would oppose the Motion. Plaintiffs oppose this Motion.

[2]      "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Thus, "[an appellate court] review[s] the district court's decision to dismiss for discovery violations under an abuse of discretion standard." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

Deposition of Brandon Ellis, taken on November 5, 2019, p.76:21-77:9, 109:19-110:10.)

- Ellis never mentioned any recordings in his January 2018 initial disclosures, even though those recordings concerned matters alleged in his complaint and served as a source of statements attributed to Defendants. (Exhibit A, p. 83:22-24).   The recordings should have been disclosed under Fed.R.Civ.P. 26(a)(1)(A)(ii)(requiring disclosure of all ESI that the disclosing party has in its possession, custody or control and may use to support its claims or defenses unless used for impeachment).

- Ellis did not disclose the recordings in any of his eight (8) supplements to initial disclosures over nine (9) months.

- In spring 2018, after litigation had commenced, but before Defendants learned of the recordings, Ellis' wife "wiped" the iPhone and Ellis gave the phone to his daughter.  (Exhibit A -- p. 104:17-19, 110:19-111:16; Doc. 99, fn 1.)

- On May 1, 2018, Defendants served written discovery requests on Ellis, seeking every "audio or video recording, transcript…and/or statement in your or your attorneys' custody or control which records or memorializes any statement or testimony of any person having knowledge of any fact or issue relating to this lawsuit." Ellis did not identify any recordings in his June 2018 responses.  (Exhibit B, Plaintiff Brandon Ellis' Responses to City Defendants First Set of Requests for Production, Request for Production Nos. 1 and 4.)

- Ellis' recordings were finally revealed during his November 5, 2018 deposition when he revealed that specific statements attributed to a Defendant in paragraph 21 of the complaint were "his exact words.  And I remember that because of a recording that I – I recorded him saying that."  (Exhibit A, p. 74:19-24.)

- Ellis testified that he gave the recordings to his attorney "at the beginning."  (Exhibit A, pp. 75:8-10, 77:16-18.)  Ellis' attorney admitted that she had the audio recording to which Ellis referred, but she had been unable to "get it downloaded."  (Exhibit A, p. 75:8-10.)

- After the deposition, Defendants requested a forensic examination of the iPhone. Ellis objected based on supposed privacy concerns.  The Court ordered the parties to meet and confer about the parameters of a forensic examination.   In the meantime, the Court issued a November 15, 2018 order instructing Ellis to preserve the ESI pending examination.  [Doc. 92]

- On December 26, 2018, the Court adopted the parties' agreed parameters.  The Court ordered Ellis to produce his iPhone and passwords to Defendants' expert by January 7, 2018 (*sic*) so that he could analyze: (1) the cell phone's recording function and/or application utilized by Ellis to find audio recordings and evidence of deletion/alternation/editing of audio recordings he may have created or deleted on the cell phone; (2) the cell phone's memory and data storage apps to find audio recordings and evidence of the deletion/alteration/editing of audio recordings created or deleted by Ellis; and (3) Ellis' iCloud account to find audio recordings

and evidence of the deletion/alteration/editing of audio recordings created or deleted by Ellis.  [Doc. 99.]

- Defendants' expert received Ellis' iPhone on January 9, 2019 and issued a report dated February 26, 2019 describing: **"Upon powering on the phone for examination, we found that it was in the 'first time setup' mode, indicating that the phone had been erased, or 'factory reset', before being sent to us. Examination of the files on the phone's internal storage concludes that this was performed on <u>January 5th, 2019 at 17:49 UTC (10:49 AM MST).</u>  Due to the nature of iOS encryption, any files that were on the phone prior to a factory reset are permanently lost and unrecoverable**."  (Exhibit C, emphasis added.)

## II.    LAW AND DISCUSSION

### A.    Ellis' Claims Should Be Dismissed With Prejudice Under Fed.R.Civ.P. 37(e)(2) Because He Acted With Intent to Deprive Defendants of ESI.

"A litigant has a duty to preserve evidence that he knows or should know is relevant to imminent or ongoing litigation." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc*., 139 F.3d 912 (10th Cir. 1998).  The "intentional or negligent destruction or loss of tangible and relevant evidence which impairs a party's ability to prove or defend a claim" is known as spoliation. *U.S. ex rel. Baker v. Community Health Systems, Inc.*, 2012 WL 5387069, *8 (Oct. 3, 2012, D.N.M.), quoting *United States ex rel. Koch v. Koch Ind., Inc.*, 197 F.R.D. 488, 490 (N.D. Okla. 1999).

Fed.R.Civ.P. 37(e)(2) empowers the Court to impose severe sanctions for a party's willful spoliation of ESI.[3]

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court... (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume that the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment."

"To impose sanctions under either subsection of Rule 37(e), the Court must find that three prerequisites are met: (1) the ESI should have been preserved, (2) a party failed to take 'reasonable steps' to preserve it, and (3) it cannot be restored or replaced.  Once these three requirements are met, the Court must determine whether there has been a showing of intent to deprive the opposing party of information for use in the litigation, which could trigger the severe sanctions provided under Rule 37(e)(2), including a presumption of prejudice." *U.S. v. Carter*, 2019 WL 3798142 (D. Kansas, Aug. 13, 2019)(internal citations omitted).[4]

---

[3]     "Amended Rule 37(e) forecloses reliance on the Court's inherent authority to sanction for spoliation of ESI." *Philmar Dairy, LLC v. Armstrong Farms,* 2019 WL 3037875 at *2 (July 11, 2019, D. N. M.)

[4]     *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) is the seminal 10th Circuit case evaluating dismissal with prejudice as a sanction for discovery violations, but it is doubtful that *Ehrenhaus* controls the analysis for willful spoliation sanctions, particularly since the 2015 Amendments.  *See* Advisory Committee Notes (Rule 37(e)(2) was "designed to provide a uniform standard in federal court for the use of these serious measures when addressing failure to preserve electronically stored information."); *see, also, Cache La Poudre Feeds, LLC v. Land O'Lakes*, 244 F.R.D. 614, 636 (D.Col. Mar. 2, 2007)(describing *Ehrenhaus* as governing sanction analysis in a "non-spoliation context"); *Stovall v. Brykan Legends, LLC,* 2019 WL 480559, (D. Kan., Feb. 7, 2019)(analyzing sanctions under Rule 37(e) only).  *Ehrenhaus* conflicts with Rule 37(e)(2) in two significant ways.  First, Rule 37(e)(2) does not require advance notice that dismissal is a penalty for willful spoliation.  Second, Advisory Committee Notes state that prejudice is presumed under Rule 37(e)(2) "because the finding of intent … can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that

In this case, it is undisputed that whatever ESI remained on the iPhone (after Ellis' wrongful deletions and earlier "wipe") should have been preserved – not only because that ESI was relevant to pending litigation, **but because the Court ordered Ellis to preserve it**. [Doc. 92.]   It is equally clear ESI was lost permanently when Ellis performed a factory reset of his iPhone on January 5, 2019.   (Exhibit C.)   This data obviously cannot be replaced or restored through additional discovery because the thwarted forensic analysis *was* Defendants' last-ditch effort to salvage the data that Ellis destroyed twice before.   Thus, the only questions that remain are: (1) Did Ellis act with "intent to deprive" Defendants of the information's use in the litigation? and (2) Is dismissal with prejudice an appropriate sanction?

### 1.   Ellis Acted With Intent to Deprive Defendants of ESI.

"Intent to deprive" can be proven indirectly and inferred from a party's actions.  *Moody v. CSX Transp.*, 271 F.Supp.3d 410 (W.D.N.Y. Sept. 21, 2017).   A party does not need a "smoking gun" to establish intent.  *Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018).   Here, however, Defendants have a smoking gun -- or rather, a smoking iPhone.   Defendants' forensic analysis found that Ellis (or a person under his control) performed a factory reset of the phone on January 5, 2019 -- days before it was to be analyzed by Defendants' expert, and in flagrant disregard of this Court's preservation order.   Although the factory reset was Ellis' most recent and brazen act of spoliation, he had been blocking Defendants' access to ESI since suit was filed.   In light of his

---

the opposing party was prejudiced by the loss of information that would have favored its position. Subdivision (e)(2) does not require any further finding of prejudice."  *But see Coyne v. Los Alamos Nat'l Security LLC*, 2017 WL 3225466 (D.N.M., May 1, 2017)(applying *Ehrenhaus* in context of Rule 37(e)(2) and other Rule 37 violations). Regardless, dismissal is warranted under both standards.  *See* Section B, *infra*.

prior acts, the January 5, 2019 factory reset cannot be interpreted as anything less than an intentional, bad faith act.[5]

In a recent case involving a similar progression of bad acts, the District Court of Minnesota had no problem finding an "intent to deprive." *Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226 (D. Minn., Mar. 5, 2019). In *Paisley*, principals of two record labels allegedly released songs to which their labels did not have rights. The plaintiffs moved for sanctions when they learned that the principals had made no effort to preserve text messages that admittedly contained relevant information, and worse, that the principals wiped and destroyed their phones after their record labels were sued. The principals, particularly Wilson, engaged in virtually the same misconduct as Ellis.

> "The wiping and destruction of Wilson's phone for a second time are perhaps the most egregious or unkindest acts of all. Wilson got rid of his phone in May 2018, after: (1) litigation had commenced; (2) Plaintiffs served discovery; (3) Plaintiff expressly informed [Defendants] that they intended to seek discovery regarding [the principals'] text messages; and (4) the Court ordered the parties to preserve all relevant electronically stored information in its pretrial scheduling order. Any one of these events should have been sufficient to put [Defendants] on notice that they needed to preserve their text messages and phones. The Court can draw only one conclusion from this set of circumstances: that they acted with the intent to deprive Plaintiffs from using this information."

Ellis' conduct is susceptible of only one interpretation. Having repeatedly blocked Defendants' efforts to obtain ESI from his iPhone, he realized that the gig was up when the Court

---

[5]     "Bad faith is determined by the *when* and *how* of data loss. Bad faith data loss happens when, shortly after receiving a request to protect lawsuit-relevant data, a person destroys many documents that likely contained such data." *TLS Management & Marketing Servs., L.L.C. v. Mardis Financial Servs., Inc.*, 2018 WL 3673090 at *5 (S.D. Miss. Jan. 29, 2019).

ordered him to mail the iPhone to Defendants' expert.  Ellis' third attempt at spoliation was knowing, purposeful and desperate.  Unfortunately, it was also effective.

### 2.    Dismissal With Prejudice Is the Appropriate Sanction.

"A court does justice by finding truth.  That search requires evidence.  Intentionally destroying evidence then, is more than a devious litigation strategy.  It is a lethal attack on a court's purpose, and must be responded to in kind."  *TLS Management & Marketing Servs., L.L.C. v. Mardis Financial Servs., Inc*., 2018 WL 3673090 at *1 (S.D. Miss. Jan. 29, 2019)(granting default judgment against all defendants as appropriate Rule 37(e)(2) sanction where defendants had relevant data, resisted its discovery, destroyed tools holding the data, lied under oath about destruction and permanently erased data).

Rule 37(e)(2) "allows courts to punish data destroyers with [dismissal or] default judgment, but only when that punishment fits the crime.  The measure of that crime is *not* the harm to the opposing party, but is rather the severity of data destruction.  Thus, [dismissal or] default judgment is appropriate only when destruction of evidence was of the worst sort: intentional, thoroughgoing, and (unsuccessfully) concealed.'"  *Id.* at *7.  That is exactly what happened here.

### a.    Lesser Sanctions Provide No Remedy At All.

The lesser sanctions found in Rule 37(e)(2) provide no real remedy to Defendants for Ellis' intentional spoliation.  Subsections 37(e)(2)(A) and (B) allow the Court to "presume that the lost information was unfavorable to the party" or "instruct the jury that it may or must presume the

information was unfavorable to the party."  Neither option gives Defendants anything more than

they have from Ellis' own mouth.[6]  At deposition, Ellis testified:

> Q.    You would agree with me that it's – it's possible that Sergeant Herrera said – gave you praise and said good things about you on a recording, but that recording doesn't exist today.
>
> A.    I don't think so.
>
> Q.    Well, how do I know?
>
> A.    You – you –
>
> Q.    Do I have to take your word –
>
> A.    I don't know.  I – I don't know.  That's the thing I can't say whether yes or no.
>
> Q.    Okay.  You would agree with me that's a problem.
>
> A.    That's what?
>
>          MS. KENNEDY: Objection as to form.
>
> Q.    (BY MR. ROBLES)  You would agree with me that that's a problem that if you only kept the things that helped you and you may have destroyed things or deleted things that hurt you, that that would pose a problem for this case.
>
> A.    I'm not – repeat that, I'm sorry.
>
> Q.    You – do you think it's unfair that you only kept the recordings you thought would help your case but deleted everything else?
>
> A.    Do I think it's a problem?
>
> Q.    I said it's unfair.

---

[6]    Even without Ellis' admission, the adverse inference is self-effectuating.  *Coyne v. Los Alamos Nat'l Security, LLC*, 2017 WL 3225466 at *9 (May 1, 2017, D. N.M.)("The fact that Plaintiff would take so many deliberate steps to destroy the evidence just before it was forensically examined creates an inference that she knew information detrimental to her case might be recovered during a forensic examination of the phone.")

A.      I don't – I don't think it's un- -- unfair.

Q.      Why.

A.      I mean I cho- -- I picked the recordings when I had issues and that was the, you know, the main reason.

Q.      **So in picking the recordings to say those where you had recorded things that supported your case, you also deleted recordings that didn't support your case. Correct?**

A.      Co- -- I'm – I think – I'm not understanding.

        MR. ROBLES:  Please reread the question.

        (Reporter read back.)

**A.      Correct.  Correct.**

Q.      Don't you think that's unfair to the defendants?

A.      I -- I don't think so.

Q.      Why is that?

A.      Because the recording were from – for me.  I mean if they wanted to record – I mean they did record when they felt that they needed to.

(Exhibit A, pp. 108:17-110:10, bold added.)

Sanctions for willful spoliation must "go beyond the status quo."  *Coyne,* 2017 WL 3225466 at *10 (rejecting lesser sanctions and granting dismissal under Rule 37(e)(2) because "information about Plaintiff's destruction of potential text messages is already likely to come before the jury, [so] the alternative sanction Plaintiff proposes does little to alter the status quo. Further, Plaintiff's proposed sanction would do little to deter future wrongful conduct.")

Here, no sanction short of dismissal will "go beyond the status quo."  An adverse inference gives Defendants nothing more than they have already.  The jury will conclude on its own that the deleted recordings were so damaging to Ellis that he violated a Court order to prevent their

recovery.  An adverse inference, whether it comes from the Court or arises naturally from the evidence, is of little value here because Defendants will never know what the recordings contained, so any adverse inference is uselessly vague.  *Cf. Moody*, 271 F.Supp.3d 410 (W.D.N.Y. 2017)(in personal injury case involving failure to warn, court found that railroad intended to deprive plaintiff of train's event recorder and so granted plaintiff's request for adverse inference that train did not sound its bell before moving while plaintiff was underneath it).

The adverse inference in *Moody* adequately remedied the loss of evidence because it gave the plaintiff the benefit of the most favorable proof she could have possibly obtained from the missing evidence (*i.e.*, that the train did not sound its bell).  That same result is impossible here where Defendants and jurors can only guess at what evidence might have been gleaned from those recordings.

### b.    Dismissal With Prejudice is a Just Remedy.

Ellis' intentional destruction of evidence *during* litigation, and while a preservation order was pending, is a slap in the face to Defendants and this Court.  Dismissal with prejudice serves a dual purpose. "It penalizes the party whose conduct warrants the sanction and discourages 'those who might be tempted to such conduct in the absence of such a deterrent.'"  *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993).

Admittedly, dismissal is an extreme measure, but the U.S. Supreme Court and the Tenth Circuit have affirmed dismissals for conduct similar to, and even less egregious than, Ellis'.  *See Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 639, 96 S. Ct. 2778, 2779, 49 L. Ed. 2d 747 (1976)(after plaintiff failed to comply with order requiring timely responses to interrogatories); *Freddie v. Marten Transport, Ltd*., 428 Fed. Appx. 801, 2011 WL 2438655 (10th

Cir. June 20, 2011)(after plaintiff withheld relevant medical information about pre-existing conditions); *Ehrenhaus*, 965 F.2d at 918 (after plaintiff failed to appear for scheduled deposition as ordered); *Lee v. Max Intern. L.L.C.,* 638 F.3d 1318, 1319-1320 (10th Cir. May 3, 2011)(after failing to provide documents responsive to discovery requests and despite two subsequent orders compelling their production)("a party's thrice repeated failure to produce materials that have always been and remain within its control is strong evidence of willfulness and bad faith, and in any event is easily fault enough, we hold, to warrant dismissal or default judgment.")

More recently, in *Coyne v. Los Alamos Nat'l Security, LLC*, 2017 WL 3225466 at \*9 (May 1, 2017 D. N.M.), this Court granted dismissal as a sanction against a plaintiff-employee who had been ordered to submit her iPhone for forensic analysis and intentionally erased and reset her phone before submitting it.  The Court rejected the plaintiff's alternative suggestion that the Court allow "evidence about the alleged deletion of information from the cell phone, together with an appropriate instruction to the jury concerning the implications of such conduct...."  The Court found the proposed sanction insufficient.

> As the case now exists, Defendants already have two potential avenues to present information to a jury about the deletion of information from the cell phone. First, Plaintiff cannot prove her claim without testifying and, when she does, her credibility, including the baggage related to her recent conduct, becomes fair game. Second, Defendants could arguably admit evidence that Plaintiff willfully destroyed relevant text messages to demonstrate Plaintiff's consciousness of guilt in support of their contention that Plaintiff engaged in bad behavior while a LANS employee in 2011 and 2012. Given that information about Plaintiff's destruction of potential text messages is *already* likely to come before the jury, the alternative sanction Plaintiff proposes does little to alter the status quo.

*Id.* at \*10.

As in *Coyne*, dismissal with prejudice is the only appropriate remedy for Ellis' misconduct. It is the only sanction that remedies the prejudice to Defendants.

**B.**   **Ellis' Claims Should Be Dismissed With Prejudice Under Fed.R.Civ.P. 37(b) For Willfully Violating The Court's November 15, 2018 Preservation Order.**

Not only did Ellis violate a common law duty to preserve relevant evidence during litigation, he violated this Court' November 15, 2018 preservation order [Doc. 92].  Thus, his conduct warrants sanctions under Fed.R.Civ.P. 37(b) as well.  Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, …"the court where the action is pending may issue further just orders.  They may include the following: … (v) dismissing the action or proceeding in whole or in part…."   Fed.R.Civ.P. 37(b)(2)(C).

Here, *Ehrenhaus* governs the Court's analysis. In *Ehrenhaus,* the Tenth Circuit affirmed the dismissal with prejudice of a complaint filed by a plaintiff who willfully violated an order instructing him to appear for deposition. In deciding that terminating sanctions were warranted under Rule 37(b), the Court assessed the following factors:

(1) The degree of actual prejudice caused by the disobedient party;

(2) The amount of interference with the judicial process;

(3) The culpability of the litigant;

(4) Whether the court warned the party in advance that a default judgment would be a likely sanction for non-compliance; and

(5) The efficacy of lesser sanctions.

These factors "do not constitute a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921.

**1.**   **Defendants Were Prejudiced by Ellis' Spoliation.[7]**

---

[7]   Ultimately, "[t]he two most important factors in determining spoliation sanctions are (1) culpability of the offending party; and (2) actual prejudice to the other party." *Baker*, at 12.

Ellis admits that he deleted recordings that were not favorable to his claims.  *See* Section II(A)(2)(a), *supra*.   This admission constitutes prima facie evidence that Defendants were prejudiced in their defense of his claim.   Beyond that, Defendants have spent ten months (and countless dollars) chasing down recordings that Ellis should have preserved and produced in the first place.  They even had to pay for a pointless forensic analysis of Ellis' iPhone after he reset it. The prejudice is obvious and substantial.

### 2.     Ellis Substantially Interfered with the Judicial Process.

By performing a factory reset of his iPhone on January 5, 2019, Ellis intentionally violated this Court's November 15, 2018 preservation order – an order that was issued to prevent Ellis from doing exactly what he did.  His brazen disregard for the Court deserves a sanction adequate to punish Ellis and deter other litigants from doing the same.  As the *Ehrenhaus* judge put it, "If this [plaintiff] could ignore court orders here without suffering the consequences, then [the district c]ourt cannot administer orderly justice, and the result would be chaos." *Id.* at 921.

### 3.     Ellis is Culpable.

"Culpability is the degree of fault to be assigned to the offending party."  *Baker*, at *12. Here, Ellis acted intentionally and flouted the Court's November 15, 2018 preservation order, thereby destroying any possibility that Defendants might recover deleted recordings from his phone. The timing of Ellis' (third) deletion screams bad faith.  He reset the phone just days before mailing it to Defendants' expert, knowing full well that he was acting in violation of a court order.

### 4.     Ellis Should Have Known That Dismissal Was A Possible Sanction.

Although notice is an important piece of the analysis, "[n]otice is not a prerequisite for dismissal under *Ehrenhaus*." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135

(10th Cir. 2007); *Archibeque v. Atchison, Topeka and Santa Fe Ry.Co,* 70 F.3d 1172 (10th Cir. 1995)(no abuse of discretion found in district court's dismissal of case despite fact that appellant was not warned of dismissal).  Nevertheless, Ellis was on constructive notice under Fed.R.Civ.P. 37 that his case could be dismissed for violating the preservation order, and he could not have believed that the Court would let him get away with destroying ESI on its watch.

"[O]ften some of these factors will take on more importance than others." *Ehrenhaus*, 965 F.2d at 921. That is certainly the case here where Ellis' violations are so blatant and prejudicial to the course of justice that the Court should not get bogged down wondering whether Ellis understood that his *third* attempt at spoliation might result in termination of his case.  It seems fairly obvious that Ellis did not care about the consequences of violating a federal court order; it was more important to him to delete whatever data remained on his phone.  Defendants doubt that a pro forma warning would have made any difference.

**5.      Lesser Sanctions Will Not Serve Appropriate Remedial Purposes.**

Defendants adopt by reference their discussion of the inefficacy of lesser sanctions in Section II(A)(2)(a), *supra*.

**C.      Monetary Sanctions Are Appropriate to Make Defendants Whole.**

When a motion for sanctions is granted under Rule 37(b), the court generally "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Additionally, a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *LaJeunesse v. BNSF Ry. Co*., 2019 WL 4385653 at *21

16

(D.N.M. Aug. 30, 2019). Based on the foregoing, Defendants request that the Court order Ellis to pay the attorney fees and expenses Defendants incurred to pursue discovery of the audio recordings, the costs of this motion, and the expense of Defendants' forensic expert.

## III.    CONCLUSION

"The ultimate goal of our civil justice system is to determine what is true and then apply that law to that truth to obtain a just resolution of the conflict at issue.  Recognizing that factual disputes exist, the system presumes that the honest exchange of information, combined with the adversarial process, will allow truth to reveal itself to the factfinder.  Thus, the system's foundation is built on the idea that parties to a dispute will honestly exchange information.  Given the importance of this honest exchange, the system demands harsh sanctions against those who see to defeat its truth-seeking function by engaging in willful, bad faith conduct designed to deprive the opposing party of relevant information related to the claims at issue." *Coyne,* 2017 WL 3225466 at *1.  Ellis' persistent abuse of the discovery process, his willful destruction of evidence and his flagrant disregard for the Court's authority warrants the most severe sanction available.

WHEREFORE, Defendants respectfully request that the Court dismiss Ellis' claims with prejudice as a sanction for his violations of Rules 37(B)(2)(c) and 37(e)(2), and award monetary sanctions sufficient to compensate Defendants for the costs they incurred to pursue the evidence Ellis destroyed.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.


*/s/Todd M. Raskin*
TODD M. RASKIN  (OH BAR #: 0003625)
JOHN T. MCLANDRICH  (OH BAR #: 0021494)
DAVID M. SMITH  (OH BAR #: 0079400)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 (facsimile)
traskin@mrrlaw.com
jmclandrich@mrrlaw.com
dsmith@mrrlaw.com


ROBLES, RAEL & ANAYA, P.C.


*/s/Luis Robles*
Luis Robles
Attorney for City Defendants
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
(505) 242-1106 (facsimile)
luis@roblesrael.com


*Counsel for City Defendants*

### CERTIFICATE OF SERVICE

A copy of the foregoing Motion for Sanctions Against Plaintiff Brandon Ellis was filed electronically on September 30, 2019.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/Todd Raskin*
TODD M. RASKIN  (OH BAR #: 0003625)

*Counsel for City Defendants*

TRAVR-180324/Ds Mtn for Sanctions

19