IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS, *et al.*,

    Plaintiffs,

v.                                                                Civ. No. 17-1011 WJ/GBW

HOBBS POLICE DEPARTMENT, *et al.*,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ZIA CONSULTING, INC., TO PRODUCE PLAINTIFFS' RECORDS

THIS MATTER comes before the Court on Defendants' Motion to Compel Zia Consulting, Inc. to Produce Plaintiffs' Records. *Doc. 177*. Defendants' motion was filed on November 7, 2019, and Plaintiffs' response was due no later than November 21, 2019. At the time of this Order's filing, Plaintiffs have not responded. Local Rule 7.1 provides:

> The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.

D.N.M.LR-Civ. 7.1(b). The Court therefore finds that Plaintiffs have consented to the granting of Defendants' motion.[1] Upon consideration, the Court further finds no reason

---

[1] The Local Rules also require the moving party to "determine whether a motion is opposed," and state that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." DNM.LR-Civ. 7.1(a). Defendants' motion is in compliance with the letter of the rule—it includes a

that the motion should not be granted.

In July and August of 2019, Plaintiffs Ellis, Artis, and Robinson each completed and signed HIPAA (Health Insurance Portability and Accountability Act) releases authorizing disclosure of their medical and mental health records by Zia Consulting, Inc., to both Robles, Rael & Anaya P.C. (counsel for Defendants) and William E. Foote, Ph.D. (Defendants' expert witness). *See docs. 177-7* to *-18*.[2] These releases authorized Zia Consulting, Inc., to disclose a "complete copy of medical records" and test results relevant to Plaintiffs' mental health records, as well as "all medical records and billing records … without limitation," to the named recipients. *See id*. Signed HIPAA releases notwithstanding, Zia Consulting, Inc., indicated that it would not comply with Defendants' subpoena until both parties signed its proposed confidentiality order. *Doc. 177* at 2. Pursuant to a chain of events that is neither entirely clear to the Court nor particularly germane to the instant motion, Plaintiffs have not agreed to file the Stipulated Confidentiality Order provided by Zia Consulting, Inc., and the subpoenaed records consequently have not been disclosed.

The information sought by Defendants is less broad than that covered by the

---

recitation of request for concurrence from Zia Consulting, Inc.'s counsel Michelle Lally Blake, *see doc. 177* at 2 n.1—though perhaps not the spirit, as it references no request for concurrence from *Plaintiffs*' counsel. In any event, even assuming non-compliance with Local Rule 7.1, the Court does not find that summary denial of Defendants' motion would be appropriate in this instance.

[2] These releases are the second set to be completed and signed by Plaintiffs. Pursuant to a prior Order of this Court (*doc. 142*), Plaintiffs updated their previous, expired releases in July and August of this year. The current releases authorize disclosure of records from December 2011 through May 2019.

signed releases. Defendants have limited their request to specific test results, and the corresponding notes and recordings, from particular time periods. *See doc. 177-6 at 2–4.* In addition, Defendants have already agreed to the terms of Zia Consulting, Inc.'s Stipulated Confidentiality Order, *see doc. 177-20*, and request that those terms be incorporated into this Court's Order, *see doc. 177 at 14*. It is difficult to imagine any objection by Plaintiffs to Defendants' requests, given their completed HIPAA releases and prior agreement to the terms of the Stipulated Confidentiality Order, *see doc. 177-20 at 7*.[3] There appears to be no substantive disagreement among the parties, and Plaintiffs' non-response indicates their consent to the motion.

Defendants' Motion to Compel Zia Consulting, Inc. to Produce Plaintiffs' Records (*doc. 177*) is therefore GRANTED, and IT IS ORDERED as follows:

(1) Zia Consulting, Inc., shall produce without further delay all information set forth in Exhibit A to Defendants' subpoena (*doc. 177-6 at 2–4*), including but not limited to all test data, raw and scaled scores, client/patient responses to test questions or stimuli, and psychologist's and test proctor's notes and recordings;

(2) Zia Consulting, Inc., shall produce the responsive records directly to counsel

---

[3] Notwithstanding Plaintiffs' apparent approval of the Stipulated Confidentiality Order as of October 4, 2019, *see doc. 177-20 at 7*, the Order had not yet been entered pending approval of Plaintiffs as of October 30, 2019, *see doc. 177-21 at 1*. However, the Court infers from counsel's signature that Plaintiffs did agree to the terms of the Stipulated Confidentiality Order at one point in time.

for Defendants and to Dr. William Foote; and

(3) Defendants and Dr. Foote shall follow the terms of the Stipulated Confidentiality Order proposed by Zia Consulting (*see, e.g., docs. 177-19* at 5, *177-20* at 6–7), to the extent that the Stipulated Confidentiality Order accords with this Order.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE