IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

BRANDON ELLIS,
JEREMY ARTIS,
VASSHAWN ROBINSON,

    Plaintiffs,

vs.                                                             Case No. 2:17-cv-01011 KWR/GBW

HOBBS POLICE DEPARTMENT,
JASON HERRERA, CHAD WRIGHT,
SHANE BLEVINS, JEREMY KIRK,
MATTHEW BURLESON, JIMMY GRIMES,
CHRISTOPHER MCCALL, J.J. MURPHY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion to Strike Supplemental Expert Witness Report of William E. Foote, PHD, ABFP, filed on November 21, 2019 (**Doc. 190**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is not well-taken and, therefore, is **DENIED.**

### BACKGROUND

This case arises out of alleged racial discrimination in the Hobbs Police Department ("HPD") and retaliation for Plaintiffs' opposition to racial discrimination within the Hobbs Police Department. Plaintiffs, former HPD Officers, allege they were retaliated against for (1) opposing or reporting HPD's racial discrimination and (2) opposing alleged discriminatory police practices against African Americans. Defendants include Hobbs Police Department, Chief McCall, and several supervisors and officers.

Plaintiffs filed this case under 42 U.S.C. § 1981 and 1983, and the New Mexico Whistleblower Protection Act.  Plaintiffs' complaint asserts the following claims:

Count I:  New Mexico Whistleblower Protection Act

Count II:  First Amendment Retaliation under § 1983; and

Count III: Racial Discrimination pursuant to § 1981.

Plaintiffs moves to strike a supplemental report by Defendants' expert Dr. William Foote. They assert that the supplemental report is not allowed under the Federal Rules of Civil Procedure and untimely.  Both parties asserted that an evidentiary hearing is unnecessary and requested the Court rule on the papers.  **Docs. 251, 252.**

Defendants' expert Dr. William Foote performed a psychological evaluation of Plaintiff Vasshawn Robinson.  The purpose of the psychological evaluation was to determine whether Plaintiff Robinson had "suffered any emotional consequences of alleged racial discrimination in the context of his employment…"  **Doc. 190, Ex. 1 at 1.**

Dr. Foote's original report was timely disclosed on October 11, 2019.  Dr. Foote's deposition was scheduled for November 18, 2019.  While preparing for the deposition, Dr. Foote realized he mistakenly failed to disclose certain data underlying his opinions, that is, the results of the UConn Racial/Ethnic Stress & Trauma Survey that he had administered to Plaintiff Vasshawn Robinson on September 10, 2019.

Dr. Foote produced a one-page supplemental report on November 12, 2019 describing the test results.  The supplemental report was transmitted to Plaintiffs on November 15, 2019.  Dr. Foote stated that he "did take this data into account when forming [his] opinions expressed in that [original] report."  **Doc. 197-2 at 2.**

## DISCUSSION

Plaintiffs assert that Dr. Foote's supplemental report should be stricken because it is not allowed under the Federal Rules of Civil Procedure and is untimely. Defendants argue that the supplemental report is timely, because it is a supplement under Fed. R. Civ. P. 26(e) to correct an error or inaccuracy. *See* Fed. R. Civ. P. 26(e)(1), (2). Plaintiffs respond that supplementation pursuant to Fed. R. Civ. P. 26(e) is not appropriate, because the information in the supplemental report was already available to Dr. Foote when he wrote his original report and was not based on newly discovered evidence. The Court agrees with Defendants.

Fed. R. Civ. P. 26(a)(2)(B)(i) requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them...." Fed. R. Civ. P. 26(a)(2)(D) requires parties to disclose the written reports of their experts "at the times and in the sequence that the court orders."

Rule 26(e)(1) provides that a party must supplement or correct its disclosure or response (A) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made know to the other parties during the discovery process or in writing." Rule 26(e)(2) extends this duty to supplement both to information in a report and to information given during the expert's deposition. It also provides that any additions or changes must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

> Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. It does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation.

*Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 4832658, at *2 (N.D. Okla. Oct. 28, 2008).

"Supplemental disclosures are permitted, and indeed may be required." *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004), citing Fed. R. Civ. P. 26(e). Generally, supplementation is allowed to correct inaccurate or incomplete information, but is not allowed for gamesmanship, to obtain an advantage over the opposing party, or bolster an opinion. *Rodgers v. Beechcraft Corp.*, No. 15-CV-129-CVE-PJC, 2016 WL 7888048, at *2–3 (N.D. Okla. Sept. 20, 2016), *report and recommendation adopted,* No. 15-CV-0129-CVE-PJC, 2017 WL 465474 (N.D. Okla. Feb. 3, 2017); *Palmer v. Asarco*, 2007 WL 2254343, *3 (N.D. Okla. Aug. 3, 2007) ("A supplemental expert report that states additional opinions or rationales or seeks to "strengthen" or "deepen" opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)(1)."); *Scholl v. Pateder*, No. 1:09-CV-02959-PAB, 2012 WL 2360542, at *3 (D. Colo. June 20, 2012) ("a supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c).").

> "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given. This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a).

*Palmer v. Asarco*, 2007 WL 2254343, *3 (N.D. Okla. Aug. 3, 2007).

Defendants timely produced Dr. Foote's 22-page report on October 14, 2019. While preparing for his November 18, 2019 deposition, Dr. Foote noticed that he had forgotten to include in his report that he had performed a diagnostic test, UConn Racial/ethnic Stress and Trauma survey that he had administered to Plaintiff Vasshawn Robinson on September 10, 2019. Dr. Foote

4

produced the supplemental report on November 12, 2019. Dr. Foote wrote: "Although I did not include an account of this measure in the October 11, 2019 report, I did take this data into account when forming my opinions expressed in that report." **Doc. 197-2, Ex. B at 2.**

The Court finds no evidence of bolstering, gamesmanship, or impropriety. Rather, the Court finds that the supplement is necessary to correct an error or omission in the report, that is, to report data which Dr. Foote relied upon in making his original opinion. Therefore, the Court concludes that the supplemental report was proper under Fed. R. Civ. P. 26(e) and timely under Fed. R. Civ. P. 26(e)(2). The supplemental report was timely because it was submitted on November 15, 2019 while the deadline to submit pretrial disclosures was December 5, 2019.

Alternatively, the Court notes that as their requested relief, Plaintiffs request that the supplemental report be stricken or exclude. However, even if the supplemental report were untimely, the Court sees nothing in the record justifying the extreme measure of striking the supplemental report. The Tenth Circuit appears to instruct the Court to look to Fed. R. Civ. P. 37(c)(1) to determine the appropriate remedy. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing Rule 37)(c)(1) as to dispute over disclosure of expert witness); *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004) (citing Rule 37(c)(1)).

The Tenth Circuit instructs courts to consider the following factors "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Here, it is unclear how Plaintiffs were prejudiced, or how the proceedings were disrupted. Moreover, Defendants did not engage in bad faith or willfulness.

Rather, they reported data Dr. Foote used in forming his opinion but inadvertently omitted in his original report.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Supplemental Expert Witness Report of William E. Foote, PHD, ABFP **(Doc. 190) is DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE