IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS,
JEREMY ARTIS,
VASSHAWN ROBINSON,

    Plaintiffs,

vs.                                            Case No. 2:17-cv-01011-KWR-GBW

HOBBS POLICE DEPARTMENT,
JASON HERRERA, CHAD WRIGHT,
SHANE BLEVINS, JEREMY KIRK,
MATTHEW BURLESON, JIMMY GRIMES,
CHRISTOPHER MCCALL, J.J. MURPHY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Reconsider (**Doc. 246**). The Court granted in part and denied in part Defendants' motion for summary judgment as to Plaintiff Artis' claims. **Doc. 238, 244.** Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

This case arises out of Plaintiffs' opposition to racial discrimination within the Hobbs Police Department. Plaintiff Artis alleges he was retaliated against for (1) opposing HPD's racial discrimination against Plaintiff Robinson and (2) opposing alleged discriminatory police practices against African Americans. Defendants include Hobbs Police Department, Chief McCall, and several supervisors and officers.

Plaintiff Artis filed this case under 42 U.S.C. § 1981 and 1983, and the New Mexico Whistleblower Protection Act. Plaintiff's complaint asserts the following claims:

Count I:  New Mexico Whistleblower Protection Act

Count II:  First Amendment Retaliation under § 1983; and

Count III: Racial Discrimination pursuant to § 1981.

Defendants moved for summary judgment. **Doc. 185.**

In February 28, 2019, Plaintiff Artis filed a complaint in New Mexico state court for violation of the New Mexico Whistleblower Protection Act (the "NMWPA"). Plaintiff Artis argued that Defendants violated the NMWPA by retaliating against him for filing this federal suit. Plaintiff alleged that he engaged in a protected activity under the statute by filing the federal lawsuit, thereby unveiling unconstitutional practices and racial discrimination at HPD. He also alleged he was retaliated against for filing the federal lawsuit. The state court dismissed Plaintiff's case on September 18, 2019 and Plaintiff appealed. The appeal is pending.

Defendants filed the summary judgment motion on November 21, 2019 but did not mention the state court suit.

The Court granted in part and denied in part Defendants' summary judgment motion. **Docs. 238, 245.**  The Court concluded that (1) Plaintiff created a genuine dispute of material fact as to his New Mexico Whistleblower Protection Act claim (Count I); (2) Plaintiff's First Amendment Association claim was dismissed, but the Court did not *sua* sponte rule on the viability of any First Amendment Speech claim (Count II); and the Court dismissed Plaintiff's racial discrimination claim pursuant to § 1981 (Count III).

Specifically, the Court concluded that Plaintiff Artis presented sufficient evidence to withstand summary judgment on his New Mexico WPA claim, and noted that he had created a genuine dispute of material fact as to whether his future employment prospects had been harmed.

As to Count II, the Court noted that Defendants did not move for summary judgment on Plaintiff Artis' First Amendment speech claim.  The Court declined to *sua sponte* analyze the First Amendment speech claim which had not been briefed.

Defendants now ask the Court to reconsider denial of summary judgment.

## LEGAL STANDARD

A district court may reconsider interlocutory orders. *Warren v. American Bankers Insurance of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("[A] district court always has the inherent power to reconsider its interlocutory rulings" and the Tenth Circuit "encourage[s] a court to do so where error is apparent."). "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

Although a district court has broad discretion to reconsider an interlocutory order, many district courts within the Tenth Circuit have applied the *Servants of the Paracletes* standard when analyzing motions to reconsider interlocutory orders. *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-CV-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010), *aff'd,* 633 F.3d 951 (10th Cir. 2011).  The Court notes that Defendants applied the standard articulated in *Servants of Paraclete v. Does*, 204 F.3d at 1012.  Therefore, the Court will do the same.

That standard provides that reconsideration should be based on the following grounds: (1) if a manifest error of law or fact has been committed by the court; (2) if new evidence has been discovered; and (3) if there has been an intervening change in controlling law. *Servants of the*

3

*Paraclete, Inc. v. Great American Ins.*, 866 F.Supp. 1560, 1581 (D.N.M. 1994); *Rodriguez*, 89 Fed.Appx. at 959. The decision whether to grant a motion to reconsider is committed to the sound discretion of the court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514-15 (10th Cir. 1995). However, the Court will generally not grant parties a second bite at the apple. Reconsideration of an order in federal court is inappropriate to reargue an issue or advance new arguments or supporting facts which were available at the time of the original motion. *Servants of Paraclete v. Does*, 204 F.3d at 1012.

## DISCUSSION

Defendants argue that the Court should reconsider its denial of summary judgment on the New Mexico Whistleblower Protection Act claim (Count I) and First Amendment Speech claim (Count II) because it committed clear error and was manifestly unjust in denying summary judgment. **Doc. 246 at 2** (citing *Servant of the Pericles factors,* 204 F.3d at 1012). For the reasons stated below, the Court disagrees.

**I.     Res Judicata does not bar Plaintiff Artis' New Mexico Whistleblower Protection Act Claim**.

Defendants argue that the Court committed manifest injustice or clear error by considering post-employment retaliation that was asserted by Plaintiff Artis as undisputed facts O-P. *See* **Doc. 206 at 7-8** (Plaintiff's undisputed facts). Defendants argue that res judicata bars the Court from considering this post-employment retaliation. Defendants do not seek reconsideration to dismiss the entire claim, but merely to bar introduction of post-employment retaliatory actions.

**A.     Res Judicata waived**.

Defendants argued that the Court erred in considering the post-employment retaliation. However, the Court has discretion to consider the entire record on summary judgment. Fed. R.

4

Civ. P. 56(c)(3). Here, the Court considered matters that were asserted as undisputed facts by Plaintiff and were cited to the record. Defendants themselves asserted facts relating to the alleged post-employment retaliation. **Doc. 185 at 3 ¶¶ 6-7.** Plaintiff Artis asserted several undisputed facts relating to post-employment retaliation and cited to the record. *See* **Doc. 206 at 7-8, ¶¶ O-P**. The Court may consider all undisputed facts in the briefing, therefore Defendants should have alerted the Court that res judicata barred the Court from considering Plaintiff's facts O-P as to specific claims. *See, e.g.,* Fed. R. Civ. P. 56(c)(3) ("The court need only consider the cited materials, but it may consider other materials in the record"). Defendants argue that the Court should not have considered the retaliatory actions arising after the complaint was filed, but Defendants did not object to those undisputed facts on that basis. *See* **Doc. 215 at 6** (responding to Plaintiff's facts O to Q).

Because Defendants had the opportunity to assert res judicata in the summary judgment motion or the reply brief but did not the Court concludes it is waived or acquiesced.. *Concerned Residents of S.F. North v. Santa Fe Estates, Inc.*, 2008-NMCA- 042, ¶¶ 27, 44, 182 P.3d 794 (A defendant that fails to assert a res judicata defense acquiesces to defend multiple lawsuits."[I]f a defendant chooses not to make the objection that another action based on the same claim is pending, that defendant has waived this protective aspect of res judicata and acquiesces to the splitting of the claim."). As explained above, the state court final judgment was issued before the summary judgment motions were filed. Plaintiff clearly asserted the post employment retaliatory actions in the undisputed facts. Therefore, Defendants could have asserted res judicata in the motion or in their reply objecting to Plaintiff's undisputed facts.

    **B.**    **Even if the Court considered the res judicata argument, Res Judicata does not apply here.**

Alternatively, even if the Court considered Defendants' res judicata argument, it is not meritorious. Defendants argue that the final judgment in the subsequently filed case bars the claim in this case. The Court disagrees, in part because the two cases did not involve the same claim.

Generally, the Court applies New Mexico law in determining whether a New Mexico state claim is precluded. *Migra v. Warren City Sch. Bd. of Educ.*, 465 U.S. 75, 83 (1984). "A party asserting res judicata or claim preclusion must establish that (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Id.*[1] (citation omitted). If all of these elements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have a "full and fair opportunity" to litigate the claim in the prior suit. *Id.*, 2015-NMSC-002, ¶ 15, 342 P.3d at 59; *see also Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002).

In determining whether the cause of action is the same, "[b]oth the Tenth Circuit and New Mexico have adopted the transactional approach…" *Potter*, 2015-NMSC-002, ¶ 11, 342 P.3d at 57 (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335–36 (10th Cir. 1988)). "The transactional approach considers all issues arising out of a 'common nucleus of operative facts' as a single cause of action." *Id.* (quoting *Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 329, 924 P.2d 735, 738); *see also Wilkes,* 314 F.3d at 504 ("Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.") (quoting *Nwosun v. General Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)) (internal quotations omitted)

---

[1] The parties cited to claim preclusion and not issue preclusion law, therefore the Court will apply claim preclusion.

(brackets in original). "The facts comprising the common nucleus should be identified pragmatically, considering (1) how they are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their treatment as a single unit conforms to the parties' expectations or business understanding or usage." *Potter*, 2015-NMSC-002, ¶ 11, 342 P.3d at 57 (internal quotation marks omitted).

Initially, the Court notes that the state case was filed *after* this case, alleging that Plaintiff Artis (1) engaged in a protected activity by filing this federal lawsuit and (2) was retaliated against because he filed this suit. In other words, the state case alleged violations of the NMWPA *because of* and *after* the filing of this case. "No New Mexico case holds that later-raised claims must be asserted in an earlier lawsuit where the operative facts underlying the newly asserted claims arose after the claims in the first action were brought." *Brooks Trucking Co., Inc. v. Bull Rogers, Inc.*, 2006-NMCA-025, ¶ 20, 128 P.3d 1076. Therefore, the filing of a later state court case does not preclude the Court from proceeding on the claims in this case.

Moreover, this case does not involve the same common nucleus of operative fact as the state case. The operative facts in the state case arose *after* this case was filed and the state case asserted that Plaintiff Artis (1) engaged in protected conduct by filing this federal suit and (2) was retaliated against for filing the federal suit. In this case, the alleged (1) protected disclosure occurred when he reported alleged racial discrimination to his superiors and (2) he was retaliated against because of protected conduct that occurred while he was employed with HPD. The post-employment retaliatory actions are merely one of several adverse employment actions asserted in this case. Therefore, the two cases do not involve a common nucleus of operative fact.

Moreover, the state court case was dismissed after considering a pure legal issue unrelated to this case, that is, whether , "a claim can be made by a public employee under the Whistleblower

7

Protection Act against a public employer who does not have a direct employer-employee relationship." (**Doc. 246-1 at p. 2**). The state court dismissed the claim. In the state court case, his alleged protected activity occurred *after* he left employment with the Hobbs Police Department. In this case, the alleged protected activity occurred while he was employed with the Hobbs Police Department.

## II. Court will not reconsider denial of summary judgment on First Amendment Speech Claim.

### A. Defendants did not move for summary judgment on first amendment speech claim that was asserted in complaint.

Defendants moved for summary judgment on a First Amendment Association claim. **Doc. 185.** The Court granted Defendants summary judgment on the First Amendment Association claim but noted that Defendants did not move for summary judgment on the First Amendment speech claim and it would not *sua sponte* raise summary judgment on that claim on Defendants' behalf.

Defendants argue that the Court erred because the speech claim was not asserted by Plaintiff Artis. The Court disagrees.

Plaintiff Artis alleged a First Amendment speech claim in his compliant. All Plaintiffs alleged that they engaged in First Amendment protected speech were retaliated against for their speech. **Doc. 1 at 3, 4, 17, 18.** Plaintiff Artis also asserted a First Amendment Speech claim in the joint status report. **Doc. 22 at 3-4.** Moreover, Plaintiff asserted in an affidavit cited in his response to the summary judgment motion that he engaged in protected speech. **Doc. 206-1 at (Ex. 24 at 2).** As to the New Mexico WPA claim Defendants assumed for purpose of the motion that he engaged in protected disclosures. **Doc. 185 at 6.** Defendants also asserted that "Artis contends

that he was a target for discrimination/retaliation based on his complaints to his supervisor about race-based policing and because of his interracial friendship with an African American co-worker." **Doc. 185 at 4.**

Therefore, the Court concludes that Plaintiff Artis pled and asserted a First Amendment speech claim. Defendants had notice that Plaintiff Artis asserted a speech claim. Defendants only moved for summary judgment on a First Amendment Association claim and did not apply the *Garcetti/Pickering* analysis in their motion. Plaintiff only had the duty to defend the First Amendment Association claim and did not have to respond to arguments that Defendants did not assert. Therefore, the Court concludes that it did not err in declining to *sua sponte* rule on the First Amendment speech claim that was never briefed by the parties.

### B.     Court declines to reach merits of First Amendment speech claim.

Moreover, the Court declines to address the merits of the First Amendment speech claim, which Defendants asserted for the first time in the reconsideration motion.

Generally, the Court does not address matters asserted for the first time in a motion for reconsideration. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Court sees no reason to deviate from this practice in this case, because as explained above, Defendants had notice that Plaintiff Artis asserted a speech claim but Defendants did not move for summary judgment on that claim. Therefore, the Court declines to entertain summary judgment on the First Amendment speech claim for the first time in a motion to reconsider.

Moreover, the time to raise substantive pretrial motions (*i.e.,* not motions in limine) was November 21, 2019. **Doc. 133 at 2.** Plaintiff argued that this motion is untimely as to the speech claim under Rule 16(b)(4). The Court may modify this deadline for "good cause." Fed. R. Civ.

P. 16(b)(4). Defendants appear to argue that there is good cause because Plaintiff Artis did not allege a speech claim. The Court rejects that argument, as explained above. The Court finds that Defendants have not established good cause for an extension.

## CONCLUSION

The Court's order denying summary judgment on Count I and II was not clearly erroneous or manifestly unjust. Therefore, the Court declines to reconsider denial of summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider (**Doc. 246**) is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE