IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON ELLIS,
JEREMY ARTIS,
VASSHAWN ROBINSON,

      Plaintiffs,

vs.                                             Case No. 2:17-cv-01011-KWR-GBW

HOBBS POLICE DEPARTMENT,
JASON HERRERA, CHAD WRIGHT,
SHANE BLEVINS, JEREMY KIRK,
MATTHEW BURLESON, JIMMY GRIMES,
CHRISTOPHER MCCALL, J.J. MURPHY,

      Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE REGARDING BENIGN INTENT

**THIS MATTER** comes before the Court upon Plaintiffs' Motion in Limine to prohibit Defendants from eliciting testimony or making argument about any alleged benign intent. **(Doc. 257)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiffs' motion is **WELL-TAKEN** and, therefore, is **GRANTED**.

### DISCUSSION

Plaintiffs seek to prevent Defendants from arguing or presenting evidence that Hobbs Police Department Officer Berdoza did not intend the use of the N-word to be harmful and instead viewed the N-word as a "friendly term." Plaintiffs appear to argue that any benign intent is irrelevant or excludable under Fed. R. Evid. 403 as unfairly prejudicial or misleading to the jury. The Court agrees with Plaintiffs.

Plaintiffs Ellis and Robinson assert a hostile work environment claim under § 1981, which is analyzed similarly to a hostile work environment claim under Title VII. *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1221 (10th Cir. 2015), *citing Aramburu v. Boeing Co.,* 112 F.3d 1398, 1410 (10th Cir. 1997). To carry their burden at the prima facie stage, Plaintiffs Ellis and Robinson must establish the following four elements:

> (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on [race]; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.

*Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (citation omitted and brackets internal).

A plaintiff must show that the work environment "is both subjectively *and* objectively hostile or abusive" under this standard. *Lounds*, 812 F.3d at 1222. "In other words, it is not enough that a particular plaintiff deems the work environment hostile; it must also be of the character that it would be deemed hostile by a reasonable employee under the same or similar circumstances." *Id.* at 1222-23, *citing Smith v. Nw. Fin. Acceptance, Inc.,* 129 F.3d 1408, 1413 (10th Cir.1997) ("The Supreme Court held that conduct within the purview of Title VII must be severe or pervasive enough to create both 'an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile'—and an environment the victim-employee subjectively perceives as abusive or hostile." (quoting *Harris,* 510 U.S. at 21–22, 114 S.Ct. 367)).

Plaintiffs argue that the focus of this subjective and objective test is the effect of the conduct on the victim, not the intent of the alleged harasser. The Court agrees. The inquiry "should not be based on whether an alleged harasser possessed the motivation or intent to cause discriminatory harm or offense." *Lounds v. Lincare*, 812 F.3d 1208, 1228 (10th Cir. 2015). The jury has a duty to assess "the polluting *effect* on the workplace environment of the alleged harassers' conduct." *Id.*;

*see also Newton v. Dept. of Air Force*, 85 F.3d 595, 599 (Fed. Cir. 1996) ("The existence of specific discriminatory intent *vel non* is, in short, not an element of a 'hostile work environment' claim."); *Vaughn v. Pool Offshore Co.*, 683 F.2d 922, 925 n.3 (5th Cir. 1982) ("[I]t is not necessary to show intent in a case challenging a discriminatory working environment."). Therefore, Officer Berdoza's intent appears to be irrelevant under the subjective and objective test under Tenth Circuit law.

Nevertheless, Defendants argue that Officer's Berdoza's benign intent is relevant to (1) whether the harassment was racial or had racial animus and (2) whether the harassment was objectively hostile or abusive.

Defendants argue that they intend to introduce evidence that Officer Berdoza did not use the word with racial animus. But racial animus is not required for a hostile working environment claim. The N-word is undeniably racial, and the Court does not see how Officer Berdoza's alleged benign or friendly intent in using the word transforms it into a non-racial word. The fact that Officer Berdoza did not believe the word was racial does not bear on whether a reasonable African-American would view it as a racial term. *See Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1230 (10th Cir. 2015) ("whether the alleged harasser's purpose or intent was to do harm—that is, whether the [N-word] …was spoken by Ms. Lounds's co-worker with the intent to offend or harm her—is legally immaterial. The important question is whether the repeated utterance of this term had *the effect* of contributing to the creation of a racially hostile work environment. As a consequence of improperly focusing on the harasser's motivation, the district court mitigated the environmental effect of what historically has been a powerfully potent discriminatory race-based term."). The Court finds that Officer Berdoza's benign intent is irrelevant to whether the N-word is a racial word, and even if it was relevant, it would be unfairly prejudicial under Rule 403 because any

probative value would be substantially outweighed by unfair prejudice or risk of misleading the jury as to the relevant legal considerations.

Defendants argue that *Lounds* involved a summary judgment motion and a jury should be allowed to hear evidence of Officer Berdoza benign intent.  Defendants are correct that the *Lounds* court discussed in part summary judgment standards and the failure to view the facts in the light most favorable to the plaintiff.  However, as cited above, *Lounds also* repeatedly rejected considering the Defendants' intent over the effect of the comments to the victim, and cited to *Ellison v. Brady*, 924 F.2d 872, 880 (9th Cir. 1991).  *See Lounds v. Lincare, Inc.,* 812 F.3d at 1228 ("whether a workplace environment is sufficiently polluted for purposes of a § 1981 claim should not be based on whether an alleged harasser possessed the motivation or intent to cause discriminatory harm or offense.").  The cited page of *Ellison v. Brady* reasoned as follows:

> Well-intentioned compliments by co-workers or supervisors can form the basis of a sexual harassment cause of action if a reasonable victim of the same sex as the plaintiff would consider the comments sufficiently severe or pervasive to alter a condition of employment and create an abusive working environment.  That is because Title VII is not a fault-based tort scheme. "Title VII is aimed at the consequences or effects of an employment practice and not at the ... motivation" of co-workers or employers. *Rogers,* 454 F.2d at 239; *see also Griggs v. Duke Power Co.,* 401 U.S. 424, 432, 91 S.Ct. 849, 854, 28 L.Ed.2d 158 (1971) (the absence of discriminatory intent does not redeem an otherwise unlawful employment practice). To avoid liability under Title VII, employers may have to educate and sensitize their workforce to eliminate conduct which a reasonable victim would consider unlawful sexual harassment.

924 F.2d at 880.  *Lounds v. Lincare* clearly applied similar reasoning throughout the opinion.  812 F.3d at 1231 (the "district court's analysis starkly reveals the legal error discussed above—focusing on the ostensibly benign intent of the alleged harasser, rather than the *effect* of the harasser's actions—as well as the consequences of that error in this case, an undue minimization of the significance of the harassing conduct in the pervasiveness inquiry.").

Defendants also argue that Officer Berdoza's benign intent is relevant to whether an objective person in Plaintiffs' position would view Berdoza's use of the word as hostile or abusive.

4

While Defendants are free to argue the circumstances in which the term was used, as explained above, his *intent* is irrelevant to the effect of the term on a reasonable victim.  Even if it were relevant, the Court finds that any probative value would be substantially outweighed by unfair prejudice or risk of misleading the jury.  Fed. R. Evid. 403.  If such evidence is presented, a juror may place undue weight on the lack of ill-motive.

Plaintiffs agree that "Defendants are free to dispute whether Plaintiff Ellis was subjectively harmed by the use of the word and whether a reasonable African-American officer in his position would have found their conduct harmful."  **Doc. 262 at 5.**  "[T]he existence of [racial] harassment must be determined in light of the record as a whole, and the trier of fact must examine the totality of the circumstances, including the context in which the alleged incidents occurred."  *McCowan v. All Star Maint., Inc.*, 273 F.3d 917, 925 (10th Cir. 2001) (internal citations and quotation marks omitted).  The Court considers "a variety of factors" in this holistic analysis, "including[ ] the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015).  Therefore, Defendants may present evidence on the circumstances surrounding the use of the term. To the extent there is ambiguity as to the admissibility of evidence, the parties should be prepared to discuss specific examples at a pretrial conference so that the Court may make a ruling.

## CONCLUSION

The Court will exclude evidence or argument surrounding Officer Berdoza's alleged benign intent in using the N-word.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion in Limine to Exclude evidence of Benign Intent **(Doc. 257)** is **GRANTED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**